PRESCOTT C. GATES & another, executors, *vs.* AUGUSTA P. WHITE & others.

Middlesex. March 18. — May 11, 1885. W. ALLEN, COLBURN, & HOLMES, JJ., absent.

Under the Pub. Sts. *c.* 116, § 36, the judge of a probate court may authorize an executor, who holds money under a will for the purpose of keeping a cemetery lot of the testator and the fences thereon in suitable condition, to deposit such money in a savings bank, in perpetual trust, to the uses mentioned in the will.

MORTON, C. J. The sixth clause of the will of Josiah Gates is as follows : " I desire that the income of one thousand dollars, and any part of the principal sum which may be needed, (said sum to be taken from life insurance,) shall be appropriated for

the comfortable support of Prescott Coburn so long as he may live, and then for the proper lettering of my monument in my cemetery lot, and keeping the lot and fences in suitable condition and repair."

Prescott Coburn died before the testator, and the testator before his death properly lettered the monument in his cemetery lot. He owned one lot, composed of two adjoining lots as laid out on the plan, in the Lowell Cemetery, and had no other cemetery lot.

The executors therefore have now in their hands the sum of one thousand dollars, of which the income, if the directions of the will can legally be carried out, is to be used for keeping the lot and fences in suitable condition and repair.

The judge of probate, upon a petition of the executors for instructions, decreed that they be authorized to deposit the said sum in the Central Savings Bank of Lowell, to be held for the purpose provided in the will. The question presented to us is, whether it was competent for the judge of probate to make this decree.

It was ruled in *Bates* v. *Bates*, 134 Mass. 110, that a devise of the residuum of an estate to executors for the purpose of beautifying and keeping in order a monument in a cemetery, was a devise in trust for a use which was not charitable, and therefore could not be carried into effect, because it created a perpetual trust which violated the law against perpetuities.

The question presented in the case at bar was not raised in that case, the only question there being whether the executors and their successors could hold the estate upon such perpetual trust.

Our statutes, without undertaking to provide that trusts for keeping in repair cemeteries or cemetery lots shall be deemed for all purposes to be charitable uses, have enacted, within carefully defined limits, that trusts for that purpose may be created, and shall be valid, though perpetual. Cemetery corporations may take and hold funds upon trust to apply the income to the improvement of the cemetery or the care and preservation of any lot. Pub. Sts. *c.* 82, § 8.

Towns having public cemeteries may receive from any person owning a lot a sum not exceeding five hundred dollars, to be held

for the purpose of providing for the preservation and care of the lot. Pub. Sts. c. 82, § 17.

These provisions are not applicable to the case before us, but they show that it is not deemed to be inconsistent with a sound public policy to permit perpetual trusts to be created, within reasonable restrictions, for the purpose of preserving cemeteries and cemetery lots.

The Pub. Sts. c. 116, § 35, provide that any savings bank or institution for savings, incorporated under the laws of the Commonwealth, may receive on deposit funds in trust "for maintaining cemeteries or cemetery lots." Section 36, upon the construction of which this case depends, provides that "a judge of the Probate Court, after due notice and a hearing, if in his judgment it is expedient so to do, may authorize an executor, administrator, or trustee holding money or other personal property for any of the purposes mentioned in the preceding section, to deposit such moneys or the avails arising from such personal property in any such corporation designated by the judge, to be held by it in the manner and for the uses and purposes mentioned in said section, and upon the trusts upon which said executor, administrator, or trustee held the same; and upon the deposit of such money and its receipt and acceptance by such corporation, the said executor, administrator, or trustee shall be discharged from further care and responsibility therefor." It seems to us that the intention of this statute is to meet and provide for a case like the one at bar. Otherwise, there would be very little scope for its action. The two sections must be construed together. The Legislature is dealing with the subject of perpetual trusts, and creating an exception to the general rule that such trusts cannot exist except for public charitable purposes.

Section 36 was not necessary as an authority to a savings bank to receive such deposits, for the authority had been conferred by the preceding section. It gives the judge of probate power to authorize an executor or administrator holding money for the purposes named to deposit it in trust in a savings bank. It fairly covers a case like the one before us, where an executor holds money which his testator has appropriated to the purpose of maintaining in repair his cemetery lot, and we think the intention of the Legislature was to enable the judge of probate to

carry out the purpose of the will, and to create a trust in the savings bank which should not be void as a perpetuity.

*Decree affirmed.*

*F. W. Kittredge*, for the defendants, cited *Durour* v. *Motteux*, 1 Ves. Sr. 320 ; *Thompson* v. *Pitcher*, 6 Taunt. 359 ; *Rickard* v. *Robson*, 31 Beav. 244 ; *Fowler* v. *Fowler*, 33 Beav. 616 ; Bates v. *Bates*, 134 Mass. 110.

*C. W. Cushing*, for the plaintiffs, submitted the case without argument.