# IGLEHART v. IGLEHART.

## APPEAL FROM THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 158.   Argued January 15, 16, 1907.—Decided February 25, 1907.

In a general code such as that of the District of Columbia a later section does not nullify an earlier one as being the later expression of legislative will; the whole code should, if possible, he harmonized and to that end the letter of a particular section may be disregarded in order to accomplish the plain intent of the legislature.

Section 669 of the Code of the District of Columbia making it lawful for cemetery associations incorporated under the laws of the District to hold grants in trust without time limitations is not nullified by § 1023 limiting trusts to one life in being and twenty-one years thereafter.

In pursuance of the general comity existing between States a trust permitted by the laws of the District of Columbia in favor of cemetery associations incorporated under the laws of the District will be sustained in favor of a cemetery association of a State which has power under the laws of that State to hold property under similar conditions.

26 App. D. C. affirmed.

THIS is an appeal from a decree of the Court of Appeals of the District of Columbia, affirming a decree of the Supreme Court of the District construing a will.   26 App. D. C. 209. The bill was filed by the executor of the will of Annie E. I. Andrews, who was a resident of the District at the time of her death, and whose will was there duly admitted to probate March 28, 1904.   The Supreme Court held that all disputed provisions of the will were valid and entered a decree to that effect, which was affirmed by the Court of Appeals, on an appeal taken by these appellants separately from the other parties defendant, by leave of the Supreme Court of the District.   All necessary persons were made parties to the suit. The deceased left an estate of about $10,000, of which $3,000 consisted of real estate in the city of Washington.

The disputed portions of the will are clauses one, ten and twelve, and they are set forth in the margin.[1]

[1] First, I give, devise and bequeath unto the Greenwood Cemetery Company, of Brooklyn, New York, as trustees, my real property, consisting of a

J. Howard Iglehart, the executor, is the son of a deceased brother of the testatrix (mentioned in the first clause of the will), and the two appellants are, respectively, her brother and sister.·

The executor, in his bill, alleged his readiness to distribute the estate as directed by the will, ·but he said that some of the heirs at law disputed the validity of some of its provisions, and hence his appeal to the court for a construction of those clauses.

The grounds of the dispute are stated to be that the trusts created in the first and twelfth clauses of the will are void, as in violation of the statute of the District of Columbia prohibiting perpetuities and restraints upon alienation. Sec. 1023, Code D. C. The devise of the real estate is alleged to be void on that ground, as is also the residuary bequest to the cemetery company, while the direction to erect a monu-

---

house and lot, known and designated as house No. 88 M. street, northwest, in the city of Washington, District of Columbia, to be held by them in trust for and to the use of my brother, J. H. Iglehart, and his wife, Jennie Iglehart, of Baltimore, Maryland, during their life or the life of either of them; provided, they shall keep the said property in repair and pay the taxes thereon.   At their death, or upon their failure to comply with the condition to keep said property in repair and pay ·the taxes thereon, it is my will and desire that ʹthe said property shall be sold, and the proceeds of such sale shall be invested in United States securities, the interest or income from such said investment to be used by the Greenwood Cemetery Company, aforesaid, as trustees, for the purpose of keeping the Andrews cemetery lot in perpetual good order and condition.

Tenth, It is my will, and I order and direct that five thousand dollars be raised out of my estate to, be expended in erecting a suitable monument at the grave·of my dearly beloved husband E. L. Andrews, in Greenwood cemetery, Brooklyn, New York.

Twelfth, It is my will, and I order and direct that all the rest and residue of my estate, real, personal, and mixed, wheresoever it may be found, and of whatsoever it may consist, shall be converted into cash, and said cash invested in United States securities, the interest and income from such securities shall be used by the said Greenwood Cemetery Company, of Brooklyn, New York, as trustees, in addition to and together with the trust fund hereinbefore mentioned in clause one of this my last will; for the purposes and to the benefit of beautifying and keeping the aforesaid Andrews' cemetery-lot in perpetual good order and condition,

ment, as provided in section ten of the will, it is alleged, must fall with the destruction of the trust, as it is part of the general scheme of the will, and is inseparable from the trust provisions. The executor submitted the questions to the court and did not appeal from the original decree nor from the decree of affirmance by the Court of Appeals, and he now asks that this court should make proper provision for his protection and that of the estate, in regard to the costs involved by the contention between the defendant and the appellants.

*Mr. Andrew Wilson* and *Mr. Noel W. Barksdale* for appellants:

As the will creates a future estate, suspending the power of absolute alienation of property beyond life or lives in being and twenty-one years, it is in restraint of alienation and a perpetuity, and, therefore, void in its creation.. *Piper* v. *Moulton,* 72 Maine, 155; *McIlvain* v. *Hockaday* (Texas), 81 S. W. Rep. 54; *Corle's Estate,* 61 N. J. Eq. 409; *Sherman* v. *Baker,* 20 R. I. 446; *Kelly* v. *Nichols,* 17 R. I. 306; *Hartson* v.. *Elden,* 50 N. J. Eq. 522; *Read* v. *Williams,* 125 N. Y. 560; *Coit* v. *Comstock,* 51 Connecticut, 352; *Fite* v.. *Beasley,* 80 Tennessee, 328; *Detwiller* v. *Hartman,* 37 N. J. Eq. 347; *Church Extension* v. *Smith,* 56 Maryland, 362.

The validity of the bequest and devise is to be determined by the laws of the District of Columbia.

The validity of a devise, as against the heirs at law, depends upon the law of the State in which the lands lie, and the validity of a bequest, as against the next of kin, upon the law of the State in which the testator had his domicile. *Jones* v. *Habersham,* 107 U. S. 174–179; *Vidal* v. *Girard,* 2 How. 127; *Wheeler* v. *Smith,* 9 How. 55; *McDonough* v. *Murdoch,* 15 How. 367; *Fontain* v. *Ravenel,* 17 How. 369; *Perin* v. *Carey,* 24 How. 465; *Lorings* v. *Marsh,* 6 Wall. 337; *United States* v. *Fox,* 94 U. S. 315; *Kain* v. *Gibboney,* 101 U. S. 362; *Russell* v. *Allen,* 107 U. S. 163.

Even though there is equitable conversion from realty to personalty, yet the bequests will nevertheless fall within the prohibition of the statute. *Cruikshank* v. *Home,* 113 N. Y. 337; *In re Walkerly,* 108 California, 627; *Underwood* v. *Curtis,* 127· N. Y. 537; *Penfield* v. *Tower,* 1 N. Dak. 216; *Fifield* v. *Van Wyck,* 94 Virginia, 557; *Harrington* v. *Pier,* 105 Wisconsin, 485; *Read* v. *Williams,* 125 N. Y. 560.

The doctrine of comity has no application, because to recognize the foreign cemetery company would violate the settled policy of the District of Columbia distinctly marked by Congressional legislation.

The courts seem to be of one accord that comity will not be extended when to do so would violate the public policy as indicated by statute. Comity gives way where the established policy of the legislature indicates to its courts a different rule. *Walworth* v. *Harris,* 129 U. S. 364. Comity does not permit the exercise of a power by a corporation when the policy of the State, distinctly marked by legislative enactment or constitutional provision, forbids it. *McDonough* v. *Murdoch,* 15 How. 113; *Paul* v. *Virginia,* 8 Wall. 168, 181. Courts out of comity will enforce the law of another State, when by such enforcement they will not violate their own laws or inflict an injury on some one of their citizens, as these courtesies are extended when they are not prevented by some positive law of the State. *Franzen* v. *Zimmer,* 35 N. Y. Supp. 612. Mere comity can never compel courts to give effect to laws of another State which directly conflict with the laws of their own State and are contrary to its known public policy. Wharton on Conflict of Laws, § 598.

A state statute granting powers and privileges to corporations must, in the absence of plain indications to the contrary, be held to apply to domestic corporations only. *United States* v. *Fox,* 94 U. S. 315; *Vanderpoel* v. *Gorman,* 140 N. Y. 563; *White* v. *Howard,* 46 N. Y. 144; *Matter of Balleis,* 144 N. Y. 132; *Whitcomb* v. *Robbins,* 69 Vermont, 477; *Falls* v. *Savings Ass'n,* 97 Alabama, 417; *Holbert* v. *St. Louis R. R. Co.,*

45 Iowa, 23; *South Yuba* v. *Rosa*, 80 California, 333; *Rumbaugh* v. *Improvement Co.*, 106 N. Car. 461.

Section 669 of the Code, being inconsistent with Section 1023 and irreconcilable, the former is absolutely void.

The two sections cannot be harmonized, and the authorities on statutory construction say that where there is an irreconcilable conflict in different sections of a code or of parts of the same act, that the last in order of arrangement must prevail. Sutherland's Statutory Construction, § 268; 26 Am. & Eng. Ency. of Law, § 619; *Hand* v. *Stapleton*, 135 Alabama, 156, 162.

The will embodied one entire scheme composed of two interdependent parts: (*a*) The erection of a monument; (*b*) its care and preservation. If the latter is invalid, the former must fall with it.

The rule is that if some of the trusts embodied in a will are valid and some invalid, if they are so taken together as to constitute an entire scheme so that the presumed wishes of the testator would be defeated if one portion was retained and the other portions rejected, then all the trust must be construed together, and all must be held illegal and fall. *Tilden* v. *Green*, 130 N. Y. 29–50; *Lawrence* v. *Smith*, 163 Illinois, 149, 165; *In re Walkerly*, 108 California, 627, 644; *Matter of Will of Butterfield*, 133 N. Y. 473, 476; *Holmes* v. *Mead*, 52 N. Y. 332, 345; *Knox* v. *Jones*, 47 N. Y. 389, 398.

*Mr. Walter V. R. Berry* and *Mr. Hugh B. Rowland*, with whom *Mr. Benjamin S. Minor* and *Mr. Charles H. Stanley* were on the brief, for appellee:

Under the statutes in force in the District of Columbia and in the State of New York, and under the general doctrine of comity obtaining among the States, clauses one and twelve of the will are valid. D. C. Code, Chap. XVIII, sub-chap. VI, sec. 669; Chap. 156, Laws 1839, N. Y.; *Christian Union* v. *Yount*, 101 U. S. 352; *McDonough's Exrs.* v. *Murdoch*, 15 How. 367.

The Greenwood Cemetery takes the interest in the real

estate as personal property, and takes a vested interest as legatee, under the doctrine of equitable conversion. *Cropley* v. *Cooper*, 19 Wall. 167; *Peter* v. *Beverly*, 10 Pet. 532; *Craig* v. *Leslie*, 3 Wheat. 563; *Given* v. *Hilton*, 95 U. S. 591; *Holcomb* v. *Wright*, 5 App. D. C. 76.

Where the testator directs a fund to be transmitted to another jurisdiction and there applied to a trust, the courts of the testator's domicile will uphold the bequest when the trust is lawful in the jurisdiction where it is to be performed, even though it could not be enforced in the jurisdiction of testator's domicile. *Mount* v. *Tuttle*, 2 Lawyers' Rep. Ann. (N. S.) 409, 410, 430, 433.

A general code is one system of law and sections dealing with the same subject are construed as one statute. *Groff* v. *Miller*, 20 App. D. C. 353, 357; *Petri* v. *Com. Bank*, 142 U. S. 644; *Bernier* v. *Bernier*, 147 U. S. 242.

The will is clear as to the intention to create a trust fund.

The bequest of the interest or produce of a fund without limitation as to the extent of its duration is a bequest of the fund itself. *Garrett* v. *Rex*, 6 Watts, 14; *Appeal of Pa. Co. for Ins. on Lives*, 83 Pa. 312; *Collier* v. *Collier*, 3 Ohio St. 369; *Millard's Appeal*, 87 Pa. 457; *Craft* v. *Snook*, 13 N. J. Eq. 121; *Gulick* v. *Gulick's Ex'r.*, 27 N. J. Eq. 498; *Snyder* v. *Baker*, 5 Mackey, 443; Roper on Legacies, vol. 2, p. 1476.

MR. JUSTICE PECKHAM, after making the foregoing statement, delivered the opinion of the court.

The first inquiry is in regard to the law existing in the District of Columbia upon the subject of trusts of this nature. There are two sections of the Code of the District of Columbia (sections 669 and 1023) which are involved in the question before us. Section 669 (sub-chapter 6, relating to "Cemetery Associations," of chapter 18, relating to "Corporations") provides in substance that it shall be lawful for cemetery associations incorporated under the laws of the District to

take and hold any grant, etc., upon trust, to apply the income thereof under the direction of the association for the embellishment, preservation, renewal or repair of any cemetery lot or any tomb or monument or other structure thereon, according to the terms of such grant, and the Supreme Court of the District is given the power and jurisdiction to compel the due performance of such trusts, or any of them, upon a bill filed by the proprietor of any lot in such cemetery for that purpose. Section 1023 (sub-chapter 1 of chapter 24, relating to "Estates") provides that except in the case of gifts or devises to charitable uses, every future estate, whether of freehold or leasehold, whether by way of remainder or without a precedent estate, and whether vested or contingent, shall be void in its creation, which suspends the absolute power of alienation of the property, so that there shall be no person or persons in being by whom an absolute fee in the same, in possession, can be conveyed, for a longer period than during the continuance of not more than one or more lives in being and twenty-one years thereafter. The provisions of the section are (at the end of the sub-chapter) made applicable to personal property generally, except where from the nature of the property they are inapplicable.

The appellants assert that section 669 is nullified by section 1023. They urge that the last section, being the last expression of the legislative will, and being inconsistent with section 669, the last section must prevail. This, although section 669 makes special provision in regard to trusts of this nature and permits their creation, yet because the latter section does not in terms make exception of the trusts provided for in the earlier section, these trusts, it is urged, are thereby prohibited.

This is not a case for the application of that doctrine, which is in any event very seldom applicable. The true rule is to harmonize the whole code, if possible, and to that end the letter of any particular section may sometimes be disregarded in order to accomplish the plain intention of the legislature.

Effect must be given to all the language employed, and inconsistent expressions are to be harmonized to reach the real intent of the legislature. *Petri* v. *Commercial National Bank,* 142 U. S. 644, 650; *Bernier* v. *Bernier,* 147 U. S. 242, 246; *Groff* v. *Miller,* 20 App. D. C. 353, 357. These two sections can be easily harmonized, and the undoubted intention of the legislature be thus carried out, by considering the latter section as applying to cases other than those specially provided for in section 669. That section must be regarded as in full force.

Assuming, however, that the section is not affected by section 1023, it is then contended by the appellants that section 669 does not apply to this case, and that the trusts are not valid as a gift or devise to a charitable use within the exception mentioned in section 1023. It may be assumed for the purposes of this case that the gifts contained in the first and twelfth clauses of the will do not constitute a valid trust for a charitable use, *Jones* v. *Habersham,* 107 U. S. 174, 183, and that those clauses would be illegal if dependent upon the exception mentioned in that section. But the earlier section is referred to for the purpose of ascertaining the policy of Congress within the District upon the general subject of trusts for the perpetual maintenance of cemetery lots, and of monuments and other structures erected thereon.

That policy, as indicated in the section, permits in the District exactly what is provided for in this will, namely, a trust to a cemetery (incorporated) association for the maintenance of a lot and a monument in perpetual good order and condition.

The law in New York in regard to Greenwood Cemetery permits the same kind of a trust. Section 6 of Chapter 156 of the laws of New York for 1839, passed April 11, 1839. The law of the District of Columbia, where the testatrix died and where the property was situated, and the law of the State of New York, where the moneys are to be applied by a corporation created by the laws of that State, concur in per-

mitting such trusts as are created in this will, and under those circumstances such a trust will be permitted by the courts of the District to be carried out in the State of New York, although the testatrix was domiciled in the District at the time of her death, and the funds to be applied to such trust arise from property owned by her in the District at that time.

This is in pursuance of the general comity existing between the States of the Union, and under that the cemetery association can take and hold the property for the purposes mentioned in the will, which are permitted both by the law of the District of Columbia and the law of the State of New York.

But it is contended that the law of the District prohibits the creation of such trusts and refuses to permit them to be carried out within that District, and that there is no rule of comity which obtains in such case by which these trusts might be held valid when affecting property within the District owned by a testator residing therein at the time of his death, even though the party to carry out the terms is a foreign corporation and the trusts are to be carried out in another State. This claim is made upon the assertion that section 669 of the code, even if in force at all, refers only to domestic associations, and that foreign corporations not being within the exception, receive no power from that section and cannot take or hold property situated in the District upon these trusts.

It may be that section 669 referred only to domestic corporations, when the power was therein granted them to take such gifts upon the trusts mentioned, and carry them out in the District. The section is cited, as has been already mentioned, for the purpose of determining the general policy of Congress in relation to this class of trusts, and whether, under the law, trusts similar to those under discussion are permitted in the District. If so, then the result follows from the rule of comity already stated, that a trust of that nature, permitted in the District, will not be interfered with when it is to be operative in a foreign State whose laws also permit it. The

statute is not relied upon as a direct grant to a foreign corporation of the right to carry out a trust in a foreign State regarding property situated in the District and owned at the time of his death by a resident therein. If the statute granted such a right, of course there would be no question of its validity, nor would there be any in regard to comity.

Trusts of the same kind, although to be carried out in a foreign State by a foreign corporation in regard to property within the District, cannot be said to violate any policy or statute of the District, so long as the statute permits therein, grants on similar trusts, although to its own corporations. The prohibition of section 1023 would not extend to such a trust so provided for.

Ever since the case of *Bank of Augusta* v. *Earle,* 13 Pet. 517, this doctrine of comity between States in relation to corporations has been steadily maintained, and it has been recognized by this court in many instances. See specially *Cowell* v. *Springs Co.,* 100 U. S. 55; *Christian Union* v. *Yount,* 101 U. S. 352. These cases cover, as we think, the principle involved herein.

In the opinion delivered in the Court of Appeals it was well said that "it cannot be successfully contended that something which the District of Columbia permits to its own corporations is so far against its public policy that it will not permit persons domiciled within its territory to devise their property to be used for the same purpose by a foreign corporation authorized by its own charter to receive and administer such bequests." In our opinion the first and twelfth clauses of the will are valid.

The objection to the tenth clause is based upon the assumption that the first and twelfth clauses are invalid, and that the tenth clause is so interwoven with the first and twelfth clauses that if they are pronounced void, the whole scheme of the will falls, and the tenth clause goes down with it. Holding the first and twelfth clauses valid, the contention in regard to the tenth clause also fails.

The appellees also urge that by reason of the direction contained in the will to sell the real estate it thereby became constructively converted into personalty at the time of the testatrix's death, and that, regarding it as personalty, the trusts created are still less open to any objection set up by the appellants. Although the provisions of the sub-chapter containing section 1023 apply to personal property generally, as well as to real estate, except where from the nature of the property they are inapplicable, yet when it is seen that even in regard to real estate granted to a domestic corporation for the purposes mentioned in this will, a perpetuity may be created, it seems to be still plainer, if possible, that it would not be against the policy of the District, as evidenced by the statute, to affirm the legality of a trust of this kind in relation to personal property which is to be sold and the proceeds taken to another State by a foreign corporation for the purpose of administration in that State. In any aspect in which we can view the case, we think the disputed provisions of the will are valid.

In regard to costs, the courts below have charged the appellants with costs, and we think the same rule should obtain here. The executor may apply to the Supreme Court for such allowance out of the fund as it may think is, under all the circumstances, proper.

*Judgment affirmed.*