### DRISCOLL et al. v. HEWLETT et al.

(Supreme Court, Appellate Division, Second Department. April 30, 1909.)

1. CHARITIES (§ 15*)—GIFTS FOR CARE OF BURIAL LOTS.

In the absence of a statute authorizing it, a testamentary trust to apply the income to the care of testator's burial lot is void.

[Ed. Note.—For other cases, see Charities, Cent. Dig. § 39; Dec. Dig. § 15.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. CHARITIES (§ 15*)—GIFTS FOR CARE OF BURIAL LOTS—"GIFT TO A CHARITA-
BLE USE."

A testamentary gift to a trustee, to apply the income to the care of tes-
tator's burial lot, is not a "gift to a charitable use," within Laws 1893, p.
1748, c. 701, regulating gifts for charitable purposes.

[Ed. Note.—For other cases, see Charities, Cent. Dig. § 39; Dec. Dig.
§ 15.*]

3. CHARITIES (§ 15*)—GIFTS FOR CARE OF BURIAL LOTS.

Laws 1895,' p. 481, c. 723, § 7, authorizing testamentary gifts to a reli-
gious corporation in trust to apply the income for the improvement of a
cemetery lot, etc., re-enacts with modifications Laws 1884, p. 253, c. 198,
§ 2, and authorizes a testamentary trust to apply the income to the care
of testator's burial lot, and a devise to a religious corporation in trust to
apply the income to the care of testator's burial lot is not void as against
perpetuities.

[Ed. Note.—For other cases, see Charities, Cent. Dig. § 39; Dec. Dig.
§ 15.*]

Hirschberg, P. J., and Rich, J., dissenting.

Appeal from Special Term, Nassau County.

Action by William J. Driscoll and others against Whitfield C.
Hewlett, executor, etc., of Thomas Driscoll, deceased, and another.
From a judgment for plaintiffs, defendants appeal. Reversed, and
new trial granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS,
RICH, and MILLER, JJ.

John Lyon, for appellant Hewlett.
Albert H. Seabury, for appellant Trinity Church.
John E. Walker, for respondents.

MILLER, J. This appeal involves the validity of the attempted
devise and bequest of the testator's residuary estate to a religious cor-
poration in trust to apply the income' to the care of his burial lot. The
learned trial justice held that the residuary clause was void for of-
fending the statute against perpetuities.

In the absence of some statute authorizing such a trust, the attempt
to create it was doubtless futile. The statute relating to gifts for pub-
lic charitable purposes (Laws 1893, p. 1748, c. 701) has no applica-
tion, as the care of the testator's burial lot is not a charitable use.
However, there is a statute which in terms authorizes the creation
of just such a trust as was attempted in this case. Laws 1895, p.
481, c. 723, § 7. That statute provides that a religious corporation
may take and hold real property for the purposes of a cemetery and—

"may take and hold any property granted, given, devised or bequeathed to it
in trust to apply the same or the income or proceeds thereof, under the
direction of the trustees of the corporation, for the improvement or em-
bellishment of such cemetery or any lot therein, including the erection, re-
pair, preservation or removal of tombs, monuments, gravestones, fences,
railings or other erections, or the planting or cultivation of trees, shrubs,
plants, or flowers in or around any such cemetery or cemetery lots."

In the absence of authority, it would seem too plain to admit of
argument that that statute was intended to authorize the doing of pre-
cisely what the testator attempted to do in this case; but authority is

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

not wanting. First Presbyterian Church v. McKallor, 35 App. Div. 98, 54 N. Y. Supp. 740; Hartson v. Elden, 50 N. J. Eq. 523, 26 Atl. 561; Moore's Executor v. Moore, 50 N. J. Eq. 554, 25 Atl. 403; Iglehart v. Iglehart, 204 U. S. 478, 27 Sup. Ct. 329, 51 L. Ed. 575. And see Gates v. White, 139 Mass. 353, 1 N. E. 285; Green v. Hogan, 153 Mass. 462, 27 N. E. 413; Morse v. Natick, 176 Mass. 510, 57 N. E. 996. The statute in question was a re-enactment of section 2, c. 198, p. 253, of the Laws of 1884, with slight verbal changes; the principal change being the omission of the following words at the end of the paragraph or section in question:

"Or for improving the said premises in any other manner or form consistent with the design and purpose of this act, according to the terms of such grant, donation or bequest."

The words "according to the terms of such grant, donation or bequest" are found in the statutes construed in the Iglehart, Moore and Hartson Cases, supra, and the McKallor Case was decided under the act of 1884. The learned trial justice thought that the omission of those words indicated an intention on the part of the Legislature to change the law, and, while authorizing a trust for the purposes specified, to require that the trust should not continue beyond two lives in being.

We are unable to discern such a purpose. The words omitted appear to be surplusage; for, obviously, the trustees must take and hold "according to the terms of such grant, donation or bequest," if at all. The act of 1895 was a part of a revision, and certainly a purpose to change the law could not be inferred from the omission of such words. If the Legislature intended, while authorizing such a trust, to make the statute against perpetuities applicable to it, it would not have left its purpose to be inferred from the omission of needless words, having no reference whatever to the point. Every man has the right, subject to the law, to dispose of his property as he pleases, and we must determine the validity of the attempted disposition in this case without regard to what we may think of its propriety.

The judgment is reversed, and a new trial granted; costs to abide the event.

WOODWARD and JENKS, JJ., concur. HIRSCHBERG, P. J., and RICH, J., dissent.