CLARK v. PORTLAND GENERAL
ELECTRIC CO.

No. 9045.

Circuit Court of Appeals, Ninth Circuit.

April 24, 1940.

Ira W. Carl, of Portland, Or., for appellant.

Griffith, Peck & Coke, of Portland, Or., for appellee Portland General Electric Co.

Carl C. Donaugh, U. S. Atty., and M. B. Strayer, Asst. U. S. Atty., both of Portland, Or., for appellee Marshall.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HANEY, Circuit Judge.

Appellant seeks a review of an order dismissing proceedings brought in the court below to set aside a compensation order made under the Longshoremen's and Harbor Workers' Compensation Act, 33 U. S.C.A. §§ 901-950.

Appellant was employed by the Portland General Electric Company, a corporation, and at the time of his injury on May 9, 1931, was employed as a laborer on a barge to assist in the unloading of sawdust from the barge, in such shifting of said barge as was necessitated by the unloading operations, and to periodically ascertain the amount of water in the barge. Appellant was endeavoring to ascertain the amount of water in the barge, when he fell through a hatch opening to the bottom of the barge, and was injured.

Through his attorney, appellant presented a claim to the employer. On September 15, 1932, the employer paid appellant $2,750 in consideration of which appellant executed and delivered to the employer a full and complete release of all claims for the injury.

On September 15, 1933, appellant filed a claim for compensation under the Longshoremen's and Harbor Workers' Compensation Act. In it appellant described his injury as "Compressed fracture of 12 thoracic vertebra, lacerated face and fractured front teeth". After hearing the Deputy Commissioner found that appellant's average annual earnings at the time of the injury amounted to $1,200 and "* * * that from May 9, 1931, to and including October 26, 1931, the claimant was partially disabled as a result of the said injury and necessarily sustained a wage loss equal to 20.6% of his average weekly wages and amounting to the sum of $117.37, and he is entitled to receive as compensation two-thirds of this amount or $78.25; that from October 27, 1931, to and including June 12, 1932, the claimant was wholly disabled, and he is entitled to receive 32-6/7 weeks' compensation at $15.59 per week or $505.67; that from June 13, 1932, to and including the date of the last hearing held on October 21, 1933, the disability of the claimant was partial only and that the wage earning capacity of the claimant was equivalent to 79.4% of his wage earning capacity at the time of his injury, and he is therefore entitled to receive on account of such disability 70-6/7 weeks' compensation at $3.17 per week, amounting to the sum of $224.-62; that said partial disability continued at the time of said hearing on October 21, 1933 * * *."

An award of compensation was made conforming to the above-quoted findings, providing "that additional compensation shall be paid to [appellant] until the termination of his disability or the further order of the Deputy Commissioner" and providing that the employer should have credit for $2,750 previously paid to appellant. The findings and award were made on March 2, 1934.

On March 30, 1934, the employer filed a suit to set aside the compensation award. On the following day, appellant was made a party defendant to the suit by the court below. On that day, appellant filed a document entitled "Answer And Cross Appeal Of John F. Clark". Inasmuch as the act in question does not provide for an "appeal" from the compensation order, we treat this document as seeking to set aside such order, pursuant to 33 U.S.C.A. § 921. The grounds upon which appellant sought to set aside the order are stated in the pleading as follows: "That said compensation order and award of compensation is not in accordance with law in that the Deputy Commissioner has found that said John F. Clark has a back injury resulting in partial disability, and has only allowed the said John F. Clark temporary partial disability therefor, whereas the terms of said Act do not provide partial disability for a back injury. That under the testimony presented at said hearing the said injury is either total or not disabling at all; and in that in and by said testimony [the employer] admits the said John F. Clark's average weekly earnings during the year immediately preceding said injury amounted to $24.00 per week; that his rate of compensation, therefore, being two-thirds of said amount, amounts to $16.00 per week, whereas, by the terms of said award said Commissioner has allowed compensation at the rate of $15.39 per week."

The employer moved to dismiss this pleading, and the Deputy Commissioner moved to dismiss the employer's bill. The court below, after considering the transcript of testimony taken before the Deputy Commissioner, dismissed both proceedings and "affirmed" the findings of the Deputy Commissioner. This appeal followed.

Appellant challenges the finding of the Deputy Commissioner "that from June 13, 1932, to and including the date of the last hearing held on October 21, 1933, the disability of the claimant was partial only". It is conceded that the finding must be sustained if there is any substantial evidence to support it, and the Deputy Commissioner's decision as to the weight of the evidence cannot be disturbed by us. Del Vecchio v. Bowers, 296 U.S. 280, 286, 287, 56 S.Ct. 190, 80 L.Ed. 229. Appellant contends there is no substantial evidence to support the finding. We disagree with that contention.

Dr. Berg, a physician employed by the employer, had examined appellant on June 13, 1932, and was asked whether in his opinion there was any disability preventing appellant from doing manual labor, and he testified: "The time I saw him last I thought he should be at work myself, I could see no reason why he shouldn't." Drs. Otis and Watson submitted a report on January 18, 1934, of their examination of appellant which contained the following from their conclusions: " * * * It has been over a year since this man's injury. * * * If this man would discard his brace and return to work as a longshoreman there is no reason why it should injure him permanently. He has a fear complex that is going to be very difficult to overcome. It will be necessary to persuade this man to discard his brace and get over his fear complex before he will be able to hold down a job as a longshoreman. This should be the first step in getting him back to work. We have seen many cases very similar to this that, at the end of a year or before, returned to work and do not suffer from any permanent partial disability whatsoever."

Dr. Ryntz submitted a report that in his opinion appellant sustained "a compressed fracture of the 12th thoracic vertebra", and expressed the opinion that the "injuries constitute a disability that is permanent and the deformity of his back may increase". Drs. Butler and Woolley, and Drs. Akin and Watson also concurred in the opinion that appellant had sustained a "compression fracture". Dr. Berg took a contrary view, and also testified: " * * * supposing the man, just for the sake of argument, did have a compression fracture of one of his dorsal vertebrae, that would not keep the man from working—the period of disability from those things runs from six to ten weeks, for them to last a longer period would be very rare, even if they are disabled so that they can't work." We think there was substan-

tial evidence in the foregoing testimony to support the challenged finding.

Appellant further contends that the award to him could not be less than $8 per week as provided in 33 U.S.C.A. § 906(b). We think this contention is well taken.

The employer contends that the provision relied on relates "only to total disability and not to partial disability". The act in question is the Act of March 4, 1927, Ch. 509, 44 Stat. 1424, 33 U.S.C.A. §§ 901–950. Section 1 of the Act is the short title. Section 2 consists of a number of definitions, and is in part:

"When used in this Act [chapter]— * *

"(10) 'Disability' means incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment."

The definition is very broad and includes all forms of disability, such at total, partial, permanent and temporary. That is further shown by § 8. Section 8 provides that "Compensation for disability shall be paid to the employee as follows" and thereafter in subdivisions provides a specific percentage of the average weekly wage to be paid for the following kinds of disability: "Permanent total disability"; "Temporary total disability"; "Permanent partial disability"; and "Temporary partial disability". We think the employer's contention in this respect is unsound.

The Deputy Commissioner did not find whether the partial disability was permanent or only temporary. However, it is immaterial here because in either case appellant would be entitled to two-thirds of the difference between the injured employee's average weekly wages before the injury and his wage-earning capacity after the injury. See § 8, subdivisions (c) (21) and (e); Twin Harbor Stevedoring & Tug Co. v. Marshall, 9 Cir., 103 F.2d 513, 515. No question is present except where such "difference" is less than $8 per week or more than $25 per week. With regard to the case where the "difference" is less than $8 per week or more than $25 per week, § 6(b) of the Act, 33 U.S.C.A. § 906(b), provides: "Compensation for disability shall not exceed $25 per week nor be less than $8 per week * * *." Thus we have two provisions relating to the same subject-matter.

It is a familiar rule that "Effect must be given to all the language employed, and inconsistent expressions are to be harmonized to reach the real intent of the legislature". Iglehart v. Iglehart, 204 U.S. 478, 485, 27 S.Ct. 329, 331, 51 L.Ed. 575. The two provisions may be harmonized here by interpreting them to mean that the claimant is to be paid the "difference" provided in § 8 but in no event is he to be paid less than $8 per week. We think the Congressional intent was to that effect.

Finally, appellant contends that the Deputy Commissioner erred in finding that appellant was entitled to compensation after the hearing, but failing to fix the amount. We believe no objection to the form of the order can be raised. Section 14(a) of the act provides that "Compensation under this Act [chapter] shall be paid periodically, promptly, and directly to the person entitled thereto, *without an award* * * *." (Italics supplied). Exception is made in the statute of limitations for the case where "payment of compensation has been made without an award". § 13(a). Although the Deputy Commissioner might have fixed the amount of compensation payable, we think he was not compelled to, for the statutes recognize that it may be paid without an award. Moreover, here, in view of the findings there can be no question as to the amount due, because the $8 per week limitation is controlling.

Reversed.