**RINGLING BROS.–BARNUM & BAILEY COMBINED SHOWS, Inc., v. SHEPPARD, Comptroller of Public Accounts of Texas.**

No. 9919.

Circuit Court of Appeals, Fifth Circuit.

Nov. 27, 1941.

Rehearing Denied Feb. 2, 1942.

H. T. Bowyer and Morris I. Jaffe, both of Dallas, Tex., for appellant.

Gerald C. Mann, Atty. Gen. of Texas, Geo. W. Barcus and Pat M. Neff, Jr., Asst. Attys. Gen. of Texas, for appellees.

Before FOSTER, HOLMES, and Mc-CORD, Circuit Judges.

HOLMES, Circuit Judge.

Appellant brought this suit to recover money paid under protest as admission taxes levied under Article 7047a—19, Vernon's Annotated Revised Civil Statutes of Texas. It contends that the statute does not apply to a circus, and that, if it was intended to do so, it is violative of Article 8, Sections 1 and 2, of the Constitution of Texas. The judgment ap-

pealed from sustained the levy and collection of the taxes.

The relevant provisions of said article are set out below.[1] This statute levies a tax upon every corporation owning or operating a place of amusement that charges a price or fee for admission. Appellant does not deny that this language is sufficiently broad to include a circus, but it argues that, since the word "circus" was not among those expressly named in the statute, and as nothing closely similar to a circus was so named, the specific enumeration is restrictive in character, and the doctrine of ejusdem generis applies.[2]

A statute should be construed, if practicable, so that its component parts are consistent and reasonable.[3] Every word used is presumed to have meaning and purpose, and should be given full effect if so doing does not violate the obvious intention of the legislature.[4] Apparently inconsistent phrases are to be harmonized, if possible, so as to reach the real legislative intent.[5] Guided by these principles, it is patent that the enumeration undertaken by the legislature was descriptive and not restrictive. If the statute had been intended to levy the tax only upon those amusements named and others ejusdem generis, the broad language appearing at two distinct places therein could not have been employed without doing violence to that intent. It is unreasonable to attribute to

the legislature so obvious an inconsistency as to intend only a named few when the language employed is sufficiently comprehensive to embrace those few and all others within the description not prohibited by law. On the other hand, if the specific enumeration be interpreted to be descriptive, it is not inconsistent or unreasonable.

We think the language employed by the legislature evidences a deliberate effort to prevent the application to this statute of the ejusdem generis rule. Beginning with a general phrase sufficiently broad to embrace a circus, it says that specific types of amusements are thereby included. Lest this enumeration be interpreted restrictively, it resumes to embrace any and all other places of amusement. The general phrases both precede and follow the specific enumeration, clearly indicating the intention of the legislature that they should possess the full force of their general language. The statute is free of ambiguity; it levies the tax upon those amusements named and any and all other places of amusement not prohibited by law.[6] This interpretation is supported by the opinion of the Attorney General of Texas, whose opinion, while not controlling, is entitled to weight in the construction of Texas statutes.[7]

Under Section one of Article 8 of the State Constitution of Texas, all ad valorem taxes must be equal and uniform. Section

---

[1] Art. 7047a—19. "Every person, firm, association of persons, or corporation owning or operating any place of amusement which charges a price or fee for admission, including exhibitions in theaters, motion picture theatres, opera halls, and including horse racing, dog racing, motorcycle racing, automobile racing, and like contests and exhibitions, and including dance halls, night clubs, skating rinks, and any and all other places of amusements not prohibited by law, shall file with the State Comptroller a quarterly report * * * provided, however, no tax shall be levied under this Act on any admission collected for dances, moving pictures, operas, plays, and musical entertainments, all the proceeds of which inure exclusively to the benefit of State, religious, educational, or charitable institutions, societies, or organizations,—if no part of the net earnings thereof inures to the benefit of any private stockholder or individual, * * *. Said person, firm, association of persons, or corporations, at the time of making such report shall pay to the Treasurer of this State

a tax in rates and amounts as follows: * * *."

[2] Ex parte Muckenfuss, 52 Tex.Cr.R. 467, 107 S.W. 1131; Ex parte Roquemore, 60 Tex.Cr.R. 282, 131 S.W. 1101, 32 L.R.A.,N.S., 1186.

[3] Montclair Township v. Ramsdell, 107 U.S. 147, 2 S.Ct. 391, 27 L.Ed. 431.

[4] United States v. Gooding, 12 Wheat. 460, 6 L.Ed. 693; Wiborg v. United States, 163 U.S. 632; United States v. Lexington Mill & Elevator Co., 232 U. S. 399, 34 S.Ct. 337, 58 L.Ed. 658, L.R. A.1915B, 774.

[5] Washington Market Co. v. Hoffman, 101 U.S. 112, 25 L.Ed. 782; Iglehart v. Iglehart, 204 U.S. 478, 27 S.Ct. 329, 51 L.Ed. 575; McDonald v. Thompson, 305 U.S. 263, 59 S.Ct. 176, 83 L.Ed. 164.

[6] Cf. Ex parte Lingenfelter, 64 Tex.Cr. R. 30, 142 S.W. 555, Ann.Cas.1914C, 765; Zucarro v. State, 82 Tex.Cr.R. 1, 197 S.W. 982.

[7] Perry v. Larson, 5 Cir., 104 F.2d 728; Georgia Association of Osteopathic Physicians & Surgeons v. Allen, 5 Cir., 112 F.2d 52.

two of the article provides that all occupation taxes shall be equal and uniform upon the same class of subjects within the limits of the authority levying the tax, but permits exemptions by legislative act to certain public, religious, and charitable enterprises and properties. These constitutional provisions are said to be violated by Article 7047a—19, supra, because another statute of prior enactment levies an occupation tax upon a circus, and double taxation results in inequality, and for the further reason that the statute exempts from taxation certain named forms of amusement without the requisite regard for uniformity of application.

The tax imposed by this statute is not an ad valorem tax. It may be an occupation tax under the elastic concept of that term in Texas, but it is not an occupation tax in the strict sense. It is not placed upon the privilege of doing business, and the rate of the tax bears no relation to the nature of the enterprise. The payment of the tax is not a condition precedent to the right to transact business; liability is incurred only after operations have begun. It is denominated an admission tax, the rate is in proportion to the gross receipts from admission fees, and its express purpose is to raise revenue, not to restrict the pursuit of any occupation. The tax is thus distinguishable in material respects from that levied by Article 7047, Sec. 24, and no double taxation results.[8]

Being neither an ad valorem nor occupation tax, whether or not these constitutional provisions limit this statute is open to grave doubt. Be that as it may, we are not convinced that this tax was not equal and uniform upon all subjects of the same class. The phraseology used by the legislature embraces every circus and every other enterprise reasonably classified in the same category. The relief from taxation accorded to public, charitable, and religious institutions has long been recognized by all governments. Businesses operated for profit are reasonably distinguishable from non-profit enterprises, and the

two are not subject to classification as enterprises to which statutes must have equal and uniform application.[9]

We agree with the court below, that the legislature of the State of Texas intended to include a circus within the statute under consideration, that the statute is not unconstitutional, and that appellant was subject to tax for the full amount collected from it.

Affirmed.

---

[8] For a discussion of the bases of multiple taxation, see Bell's Gap Railway Co. v. Pennsylvania, 134 U.S. 232, 10 S. Ct. 533, 33 L.Ed. 892; Flint v. Stone Tracy Co., 220 U.S. 107, 31 S.Ct. 342, 55 L.Ed. 389, Ann.Cas.1912B, 1312; Watson v. State Comptroller, 254 U.S. 122, 41 S.Ct. 43, 65 L.Ed. 170; Ohio Oil Co. v. Conway, 281 U.S. 146, 50 S. Ct. 310, 74 L.Ed. 775; Carmichael v. Southern Coal Co., 301 U.S. 495, 57 S.Ct. 868, 81 L.Ed. 1245, 109 A.L.R. 1327.

[9] Magoun v. Illinois Trust & Savings Bank, 170 U.S. 283, 18 S.Ct. 594, 42 L. Ed. 1037; Watson v. State Comptroller, supra. Cf. Northwestern University v. Illinois ex rel. Miller, 99 U.S. 309, 25 L. Ed. 387.