## CAMPBELL v. CALIFORNIA.

### ERROR TO THE SUPREME COURT OF THE STATE OF CALIFORNIA.

No. 70.  Argued November 27, 28, 1905.—Decided January 2, 1906.

The California inheritance tax law of 1893, as amended in 1899, which imposed a tax on inheritances of and bequests to brothers and sisters, and not on those of daughters-in-law or sons-in-law, was assailed as repugnant to the Fourteenth Amendment, and having been sustained by the highest court of the State, a writ of error from this court was prosecuted.  After the record was filed a new inheritance tax law was enacted in 1905, which amended and reënacted prior laws on the subject and also repealed the acts of 1893 and 1899 without any clause saving the right of the State in respect to charges already accrued thereunder.  Plaintiff in error contended that as this court had jurisdiction on the constitutional question, it should reverse the judgment, on the ground that since the repeal of the acts of 1893 and 1899 the State has no power to enforce any taxes levied thereunder.  Held that:

As the Federal question on which the writ of error is prosecuted has not become a moot one, and the affirmance of the judgment on that question alone will not prejudice the right of plaintiffs in error to have the purely local question of whether the State still has the right to enforce the taxes levied prior to the act of 1905, determined by the state court, it is the duty of this court to consider and decide the Federal question only leaving the local question open for investigation in, and adjudication by, the state courts.

The Fourteenth Amendment does not deprive a State of the power to regulate and burden the right to inherit, but at the most can only be held to restrain such an exercise of power as would exclude the conception of judgment and discretion and would be so obviously arbitrary and unreasonable as to be beyond the pale of governmental authority; and the statutes of California, therefore, are not unconstitutional because near relatives by affinity are preferred to collateral relatives.

THE facts are stated in the opinion.

*Mr. Charles H. Garroutte*, with whom *Mr. William N. Goodwin* and *Mr. Curtis H. Lindley* were on the brief, for plaintiff in error:

The act involved does not purport to regulate succession of estates.  *Estate of Cope*, 191 Pa. St. 1; *Re Magnes' Estate*, 77 Pac. Rep. 854; *State ex rel. v. Ferris*, 53 Ohio St. 1.  This

case can be distinguished from the *Magoun case,* 170 U. S. 283, 303, and *Billings* v. *Illinois,* 188 U. S. 97, one of which upheld a classification on amount of property and the other on the character of the property.

When a classification of persons *inter sese* is made, then all persons standing alike in the eyes of the law must be placed in the same class; and if some are omitted and thereby discriminated against, they are denied the equal protection of the law.

This is a tax act. *Plummer* v. *Coler,* 178 U. S. 115; Dos Passos on Inheritance Tax Laws, 37; *Est. of Wilmerding,* 117 California, 281; *Est. of Campbell,* 143 California, 627; *Eyre* v. *Jacobs,* 14 Gratt. 427; *State* v. *Hamlin,* 86 Maine, 494. As to what the classification of persons subjected to tax laws may be see *Minot* v. *Winthrop,* 162 Massachusetts, 113; *Black* v. *State,* 113 Wisconsin, 205; and as to the rule by which the constitutionality of the classification may be tested see *Gulf Co.* v. *Ellis,* 165 U. S. 150; *St. Louis Railway* v. *Paul,* 62 Am. St. Rep. 175, note. The classification must always be based on reasonable grounds. *Conolly* v. *Sewer Pipe Co.,* 184 U. S. 540, 563; *Cotting* v. *Stock Yards,* 183 U. S. 79; *Sugar Co.* v. *Louisiana,* 179 U. S. 89; *Railroad Co.* v. *Matthews,* 174 U. S. 76, 101; *Insurance Co.* v. *Daggs,* 172 U. S. 557; *M., K. & T. Ry.* v. *May,* 194 U. S. 267. In this case there is no reasonable ground for the classification which has been made and tested by the *Magoun case, supra;* it is unconstitutional. The legislative history of collateral tax laws shows that this law is improper and unusual. Connecticut Statutes of 1888 and see the California act revising this law. Statutes, 1905, 341.

Presumptions in favor of the validity of this legislation should not be indulged. Cases *supra* and *Smyth* v. *Ames,* 169 U. S. 466, 527; *Yick Wo* v. *Hopkins,* 118 U. S. 366.

While the Fourteenth Amendment as settled in *Knowlton* v. *Moore,* 178 U. S. 41, does not affect acts of Congress there is a provision of the Federal Constitution which forbids Congress from denying to citizens of the United States the

equal protection of the laws. *Hibben* v. *Smith,* 191 U. S. 310, 325.

There is no vested right in the State to the tax and it is no longer payable since the repeal of the act. Dos Passos, 423; Blackwell on Tax Titles, § 1047; 1 Desty on Taxation, 9; *Flannigan* v. *Sierra County,* 196 U. S. 553.

*Mr. U. S. Webb,* Attorney General of the State of California, with whom *Mr. E. B. Power, Mr. Lewis F. Byington* and *Mr. I. Harris* were on the brief, for defendant in error:

The rule of classification adopted by the state court is correct. *De Yoe* v. *Superior Court,* 140 California, 476; *Magoun* v. *Trust Co.,* 170 U. S. 283; *Gulf Co.* v. *Ellis,* 165 U. S. 150; *Insurance Co.* v. *Daggs,* 172 U. S. 557; *People* v. *Railroad Co.,* 105 California, 576, 584; *Ex parte Jentzsch,* 112 California, 469, 474; *Re Wilmerding,* 117 California, 281, 286.

No right guaranteed by the Fourteenth Amendment is invaded by the act. See cases *supra.* The classification need not necessarily be based upon blood relationship.

For other cases upholding, as constitutional, inheritance tax laws making discriminations between relatives, see *United States* v. *Perkins,* 163 U. S. 625; *State* v. *Dalrymple,* 70 Maryland, 294; *In re Meriam,* 141 N. Y. 479; *State* v. *Hamlin,* 86 Maine, 495; *State* v. *Alston,* 94 Tennessee, 674; *Minot* v. *Winthrop,* 162 Massachusetts, 113; *Gelsthorpe* v. *Furnell,* 51 Pac. Rep. 267; *Eyre* v. *Jacob,* 14 Gratt. (Va.) 428; *In re McPherson,* 104 N. Y. 306; *In re Shewrell's Estate,* 125 N. Y. 397; *Drake* v. *Kockersperger,* 167 Illinois, 122; *Billings* v. *People,* 189 Illinois, 472; *Scholey* v. *Rew,* 23 Wall. 331; *High* v. *Coyne,* 93 Fed. Rep. 451, sustaining the succession taxes imposed by acts of Congress in 1866 and 1898, respectively, in which similar principles were involved.

The act of 1905, even if it repeals the act of 1893 and the amendments thereto, does not affect the right of the State to its five per cent of the estates of persons who died prior to the first of July, 1905.

MR. JUSTICE WHITE delivered the opinion of the court.

In 1893 a law was enacted in California, imposing a charge on collateral inheritances and on bequests and devises. California Stat. 1893, p. 193. The burdens which the law imposed were not laid upon inheritances, bequests or devises in favor of the father, mother, husband, wife, children, brother or sister of a decedent, or wife or widow of a son, or the husband of a daughter of the decedent, adopted children and certain public and charitable corporations. In the year 1899 the law of 1893 was amended. The amendment caused the charge imposed by the prior act to become applicable in the case of brothers and sisters of a decedent. This resulted because the amendment omitted brothers and sisters from the enumeration made in the act of 1893 of persons to whom the act was not to apply. California Stat. 1899, p. 101.

In December, 1900, Cornelia E. Campbell died intestate in the city of San Francisco, and her estate was administered upon by the appropriate court. In December, 1901, a final decree was entered, apportioning the estate remaining, after the payment of certain specified amounts, among three brothers and a sister who are the plaintiffs in error in this court. One of the sums directed by the decree to be paid before distribution was a collateral inheritance charge of $488.70, under the act of 1893 as amended in 1899.

The brothers and sister appealed to the Supreme Court of California from that portion of the decree directing the payment of the charge just mentioned. The validity of the law imposing the burden was assailed upon various grounds of a local nature, and upon the Federal ground that the amendatory act of 1899, in so far as it purported to impose a charge on inheritances, bequests or devises to brothers and sisters, denied the equal protection of the laws, and was hence repugnant to the Fourteenth Amendment to the Constitution of the United States. The Supreme Court of California affirmed the decree. In doing so it held that the contentions of a local nature were without merit,

and that the act of 1893 as amended by the act of 1899 was not in conflict with the Fourteenth Amendment. 143 California 623.

With the questions of a local nature decided by the state court we are not concerned, and shall therefore confine our attention to the Federal question, that is, the alleged repugnancy to the Fourteenth Amendment, imposing the burden in question on brothers and sisters.

The asserted repugnance of the statute to the Constitution of the United States, as elaborately argued at bar, rests upon the proposition that the statute denied to brothers and sisters of a decedent the equal protection of the laws, because the statute embraced an inheritance, bequest or devise in favor of a brother or sister, and did not include bequests or devises in favor of a wife or widow of a son or the husband of a daughter of the decedent.

Before coming to consider this subject we must notice a wholly independent question, which the plaintiffs in error assert renders a reversal necessary, irrespective of the merits of the contention based upon the Federal question.

In March, 1905, since the record on this writ of error was filed in this court, the State of California enacted a new inheritance tax law. California Stat. 1905, p. 341. This act differs from the act of 1893 as amended in 1899 in many particulars. It includes within the classes subjected to the burdens imposed persons not embraced in the act of 1893 as amended, and whilst it does not except from its operation persons embraced in the prior act as amended, creates as to some of such persons a different rate and carves out exemptions as to designated amounts of property, not found in the earlier act. Besides, by the act, brothers and sisters or a descendant of such brothers and sisters, and the wife or widow of a son or a husband of a daughter of a decedent, are made subject to a like charge, less, however, in rate than the one theretofore imposed upon a brother or sister. The act of 1905, as declared in its title and as manifested by its provisions, was intended to cover generally the subject of inheritance taxes, and by necessary effect operated to amend and

reënact the prior laws on the subject.  In the body of the act
was contained a section (27), expressly repealing the act of
1893 and the amendments thereto, without embodying a clause
saving the right of the State in respect to the charges which had
accrued to the State under the prior acts.

The proposition is, that the act of 1905 relieved the plaintiffs
in error from the duty to pay resulting from the prior laws,
even if those laws were not repugnant to the Fourteenth
Amendment, and, therefore, the contention is that it becomes
our duty to so decide, and hence to reverse the judgment with-
out passing upon the Federal question.  The plaintiffs in error
do not suggest that the writ of error be dismissed because by
the California statute, upon which they rely, the constitutional
question has become merely a moot one, but their contention
is that we should maintain jurisdiction and reverse upon the
ground previously stated.  We cannot assent to the proposi-
tion.  The statute upon which it is based was enacted subse-
quently to the decision of the Supreme Court of California, and
if that statute had the effect, as asserted, of depriving the State
of power to enforce the judgment below rendered, the right to
claim relief, based upon the action of the State, taken since the
Supreme Court of California decided the case, will, we assume,
be open to investigation in the state courts, if, in deciding the
Federal question adversely to the plaintiffs in error, we do not
conclude the question referred to.  Under these conditions we
think it is our duty to decide the Federal question upon which the
writ of error was prosecuted, and leave open the purely local
question, which has arisen since the decision by the lower court.

Of course, of our own motion we must determine whether the
enactment of the subsequent statute so obviously had the effect
of relieving the plaintiffs in error from the burden imposed by
the judgment below as to cause the Federal question to become
merely a moot one.  In view of the general and continuing
nature of the legislation contained in the statute of 1905 (*Bear
Lake Irrigation Co.* v. *Garland,* 164 U. S. 1; *Steamship Co.* v.
*Joliffe,* 2 Wall. 450), we are clearly of the opinion that it cannot

be said that this case has become a moot one. Especially is this true when the ruling of the Supreme Court of California in *Estate of Stanford*, 126 California, 112, is considered. In that case, in 1897, while an appeal was pending in the Supreme Court of California from a decree directing the payment by the Estate of Stanford of a charge or charges imposed by authority of the act of 1893, the legislature of California amended the act and established certain exemptions, which it declared should apply to all property which had passed by will, succession or transfer after the approval of the act of 1893, except in those cases where the tax had been paid to the treasurer of the proper county. As to enforce the amendatory act would have relieved the Estate of Stanford from the burdens of which complaint was made, the question presented to the Supreme Court of California was whether, if the burdens were authorized by the act of 1893, it was the duty of the court to apply the provisions of the amendatory act and reverse the judgment pending before it, because the right to enforce the impositions had terminated by the effect of the amendatory act. After deciding that the act of 1893 authorized the burdens complained of, the court, in considering the terms of that statute, the nature and character of an inheritance tax, and the power of the State over the disposition of property in case of death, held that it was its duty to affirm the decree because of the vested right existing in the State under the act of 1893, and because the act of 1897, in attempting to abrogate such vested right, was repugnant to specified provisions of the constitution of California. Putting aside then all question as to the operation of the statute of 1905, and reserving from any decree which we may render all rights, if any, in favor of the plaintiffs in error which may have arisen from the passage of that statute, we are brought to a consideration of the merits of the Federal question.

The contention is that the assailed law of California was repugnant to the Fourteenth Amendment, because it subjected to the burdens of an inheritance tax or charge brothers and sisters of a decedent, and did not subject to any burden such

strangers to the blood as the wife or widow of a son or the husband of a daughter of a decedent. We do not stop to refer in detail to the many forms of argument by which the contention is sought to be sustained, but content ourselves with stating that, whatever be the form in which the propositions relied on are advanced, they all reduce themselves to and must depend upon the soundness of the contention that the Fourteenth Amendment compels the States, in levying inheritance taxes, and, *a fortiori*, in regulating inheritances, to conform to blood relationship. That is to say, in their last analysis all the arguments depend upon the proposition that the Fourteenth Amendment has taken away from the States their power to regulate the passage of property by death or the burdens which may be imposed resulting therefrom, because that amendment confines the States absolutely, both as to the passage of such property and as to the burdens imposed thereon, to the rule of blood relationship. To state the proposition is to answer it. Its unsoundness is demonstrated by previous decisions of this court. *Magoun* v. *Illinois Trust & Savings Bank*, 170 U. S. 283; *Orient Insurance Co.* v. *Daggs*, 172 U. S. 557, 562. It is true that in the first of the cited cases it was expressly declared or impliedly recognized that in the exercise by a State of its undoubted power to regulate the burdens which might be imposed on the passage of property by death, a case might be conceived of where a burden would be so arbitrary as to amount to a denial of the equal protection of the laws. But this suggestion did not imply that the effect of the Fourteenth Amendment was to control the States in the exercise of their plenary authority to regulate inheritances and to determine the persons or objects upon which an inheritance burden should be imposed. In this case there can be no doubt, if the right of a State be conceded to select the persons who may inherit or upon whom the burden resulting from an inheritance may be imposed, the complaint against the statute is entirely without merit. The whole case, therefore, must rest upon the assumption that because the State of California has not followed the rule of blood relation-

ship, but as to particular classes has applied the rule of affinity by marriage, therefore the constitutional provision guaranteeing the equal protection of the laws was violated. · But, unless the effect of the Fourteenth Amendment was inexorably to limit the States in enacting inheritance laws to the rule of blood relationship, such a regulation plainly involved the exercise of legislative discretion and judgment, with which the Fourteenth Amendment did not interfere. Such a regulation cannot in reason be said to be an exercise of merely arbitrary power. To illustrate. It assuredly would not be an arbitrary exercise of · power for a State to put in one class, for the purpose of inheritance or the burdening of the privilege to inherit, all blood relatives to a designated degree, excluding brothers and sisters, and to place all other and more remote blood relatives, including brothers and sisters, in a second class along with strangers to the blood. This being true it cannot, without causing the equality clause of the Fourteenth Amendment to destroy the powers of the States on a subject of a purely local character, be held that a classification which takes near relatives by marriage and places them in a class with lineal relatives is so arbitrary as to transcend the limits of governmental power. If this were not true, state legislation preferring a wife in the distribution of the estate of her husband to a brother or sister of the husband would be void as repugnant to the Fourteenth Amendment. So also would be the provision in the California statute we are considering, preferring an adopted child of a decedent to a brother or sister. With the motives of public policy which may induce a State to prefer near relatives by affinity to collateral relatives, we are not concerned, since the Fourteenth Amendment does not deprive a State of the power to regulate and burden the right to inherit, but at the most can only be held to restrain such an exercise of power as would exclude the conception of judgment and discretion, and which would be so obviously arbitrary and unreasonable as to be beyond the pale of governmental authority.

*Affirmed.*