## WATSON ET AL., EXECUTORS OF WATSON, *v.* STATE COMPTROLLER OF THE STATE OF NEW YORK.

### ERROR TO THE SURROGATE'S COURT OF NEW YORK COUNTY, STATE OF NEW YORK.

No. 266. Argued October 13, 1920.—Decided November 15, 1920.

In imposing transfer or inheritance taxes, a State may distinguish between property which has borne its fair share of tax burden in the decedent's lifetime and property of the same kind and passing to the same class of transferees, which has not. P. 124.

The additional tax imposed in New York (Cons. Laws, c. 60; Laws 1917, c. 700), on the transfer of certain kinds of securities held by a decedent at his death on which neither the general property tax nor the alternative stamp tax has been paid during a fixed period prior thereto, is based upon a reasonable classification of property and does not violate the equal protection clause of the Fourteenth Amendment. *Id.*

This tax is neither a property tax nor a penalty. P. 125.

226 N. Y. 384, affirmed.

THE case is stated in the opinion.

*Mr. Harold W. Bissell,* with whom *Mr. Wm. C. Cannon* and *Mr. Edward R. Greene* were on the brief, for plaintiffs in error.

*Mr. John B. Gleason* for defendant in error.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

The New York Tax Law (Consolidated Laws, c. 60) provides (Article 1, § 9) that personal property shall be assessed and taxed to the owner at the place where he resides, but exempts (Article 15) from such taxation certain bonds and other obligations, called in the act investments, on which there has been paid an optional tax at a lower rate, which payment is evidenced by a stamp affixed. The Tax Law also provides (Article 10) for an inheritance or transfer tax which varies, among other things, according to the relationship of the beneficiary to the decedent. By § 221-b, Laws of 1917, c. 700, § 2, an additional tax equal to 5 per cent. of the appraised value of the investment is imposed on the transfer of investments held by the decedent at his death on which neither the general property tax nor the stamp tax above described has been paid during a fixed period prior thereto, provided that the estate is larger than the exemptions to relatives and charities.

Watson, a resident of New York City, held, at his death in 1917, certain bonds on which neither the general property tax nor the stamp tax had been paid. The transfer tax appraiser, appointed by the Surrogate's Court, reported that there was payable by the executors in respect to those bonds the additional transfer tax prescribed by the Act of 1917. The Surrogate disallowed the tax on the ground that the statute violated the state constitution; and his decision was affirmed by the Appel-

late Division of the Supreme Court, 186 App. Div. 48.
The Court of Appeals of New York held that the act
violated neither the state nor the Federal Constitution,
226 N. Y. 384; and the case comes here on writ of error.
The contention is that the tax imposed denies to Watson's
estate equal protection of the laws.

The occasion and the purpose of the statute are shown
by the Court of Appeals. An owner of investments is not
required either to list them for assessment locally under
the general property tax law or to present them for stamp-
ing under the investment tax law. Whether the invest-
ments of a resident are taxed during his life depends either
upon his own will or upon the vigilance and discretion of
the local assessors. This condition led to loss of revenue
by the State and to inequality in taxation among its
citizens. To remedy both evils this additional transfer
tax was imposed upon investments of a decedent which
had wholly escaped taxation. It is insisted that the tax
is discriminatory because under it other property of the
same kind bequeathed to persons standing in the same
relationship to the decedent will not be taxed. But the
power to classify for purposes of taxation is fully estab-
lished. The executors admit, as they must, that a
classification is reasonable if made with respect to the
kind of property transferred; or, to the amount or value of
property transferred; or, to the relationship of the trans-
ferees; or, to the character of the transferee, for instance
as engaged in charity. *Magoun* v. *Illinois Trust & Savings
Bank,* 170 U. S. 283, 300; *Billings* v. *Illinois,* 188 U. S.
97; *Campbell* v. *California,* 200 U. S. 87. But their list
does not exhaust the possibilities of legal classification.
See *Beers* v. *Glynn,* 211 U. S. 477, 484; *Keeney* v. *New
York,* 222 U. S. 525; *Maxwell* v. *Bugbee,* 250 U. S.
525. Compare *Hatch* v. *Reardon,* 204 U. S. 152. Any
classification is permissible which has a reasonable rela-
tion to some permitted end of governmental action. It

is not necessary, as the plaintiff in error seems to contend, that the basis of the classification must be deducible from the nature of the things classified,—here the right to receive property by devolution. It is enough, for instance, if the classification is reasonably founded in "the purposes and policy of taxation." *Pacific Express Co.* v. *Seibert,* 142 U. S. 339, 354; *Kidd* v. *Alabama,* 188 U. S. 730, 732; *Clement National Bank* v. *Vermont,* 231 U. S. 120, 136–137; *Farmers Bank* v. *Minnesota,* 232 U. S. 516, 529–530. And what classification could be more reasonable than to distinguish, in imposing an inheritance or transfer tax, between property which had during the decedent's life borne its fair share of the tax burden and that which had not? [1]

It does not follow, as is also argued, that the act in question imposes a property tax, merely because its existence may induce owners of investments to present them for taxation under the Investment Tax Law. Nor is it to be deemed a law imposing a penalty merely because the decedent's estate may under it be required to pay more in taxes than the deceased would have paid if he had presented his property for taxation under the Investment Tax Law. Whether this additional transfer tax would be obnoxious to the Fourteenth Amendment if it could be deemed a property tax or a penalty, we have no occasion to consider.

The judgment of the Surrogate's Court entered on the remittitur from the Court of Appeals of New York is

*Affirmed.*

---

[1] Connecticut (Gen. Stats. 1918, § 1190) and Louisiana (Constitution, 1898, Arts. 235, 236; Act 45 of 1904) also impose a special inheritance tax on the transfer of property which has not borne its share of taxation during a period prior to the owner's death. The latter statute has been frequently before the courts, *Succession of Mathias Levy,* 115 La. 377, 385; aff'd *Cahen* v. *Brewster,* 203 U. S. 543; *Succession of Pritchard,* 118 La. 883; *Succession of Westfeldt,* 122 La. 836.