[Civ. No. 19808.   Second Dist., Div. Three.   May 21, 1954.]

Estate of ALFRED GUTHMAN, Deceased.   ROBERT C. KIRKWOOD, as State Controller, etc., Respondent, v. LAURA GLOGAU et al., Appellants.

Desser, Rau, Christensen & Hoffman and Robert Haves for Appellants.

James W. Hickey, Walter H. Miller, Raymond G. LaNoue, William A. Parsons and Charles Farley for Respondent.

SHINN, P. J.—Appellants Laura Glogau and Jeanette Glogau, devisees and legatees under the will of the decedent Alfred Guthman, appeal from a judgment of the superior court confirming a report of the state inheritance tax appraiser assessing California inheritance taxes on the value of the interests passing to them under decedent's will. In the computation of the value of the interests passing from decedent to appellants which were taxable by California, no deduction was allowed on account of federal estate taxes paid.

The controversy arises out of these facts: Alfred Guthman died domiciled in California on April 12, 1951, leaving bequests and devises to appellants in the aggregate value of $54,850.40, before federal taxes. So far as relevant to this appeal, his estate consisted of personal property in California having an appraised clear market value of $55,689.76 and real property situated in the State of Illinois of the appraised value of $115,000. The personal property is subject to the California inheritance tax and the Illinois real property is not. $21,406.14 was paid as federal estate taxes on the entire estate.

The question is whether section 13989 of the California Revenue and Taxation Code requires that all or some portion of the federal estate tax payment on the entire estate be allowed as a deduction from the value of the property taxed under the California Inheritance Tax Law. The section reads as follows: "Federal inheritance or estate tax: Limitation. Any amount due or paid the Government of the United States as a Federal inheritance or estate tax in the estate of any decedent is deductible from the appraised value of property included in any transfer subject to this part made by the decedent. The amount deductible is limited to an amount computed by the inheritance tax appraiser upon an application of the Federal inheritance or estate tax exemptions and rates (commencing at the primary rates) in force at the date of decedent's death to that portion of the decedent's property the transfer of which is subject both to the tax imposed by this part, and to any Federal estate tax law, and upon his own valuation of that portion."

If the entire estate had consisted of the California property, worth $55,689.76, there would have been no federal estate tax, because the $60,000 exemption exceeded the value of the estate. However, a federal tax was paid on the California property as a part of a total estate of $170,689.76. The California property contributed to the federal tax liability proportionately, or slightly less than one-third.

Appellants contend that section 13989 must be interpreted so as to allow the deduction of the share of the federal tax contributed by the California property. They argue that this interpretation must be put upon the statute because the language of the statute permits it and if it is construed so as to deny a pro-rata deduction the result will be to deprive them of property without the due process of law guaranteed by the 14th Amendment to the United States Constitution, and also to deny them the equal protection of the laws as required by the same amendment. Respondent argues the reverse of these propositions.

Although the first sentence of the section, standing alone, would require a deduction of the entire federal tax from the valuation of the property of the decedent which is subject to the state tax, it must be read as modified by the second sentence, and not as an enactment complete in itself. As we read the section it requires that the deduction provided for be computed and allowed as if the property which is subject to the state tax comprised the entire estate; if there is other property, such as out-of-state real property, it is not to be taken into consideration for any purpose; if a federal tax is payable on the California property alone there is a deduction; if the California property itself is not subject to a federal tax there is no deduction, even though that property, combined with other property is subject to the federal tax. There is no express or implied provision for an apportionment of the federal tax, in the latter case, viz., the deduction of the proportion of the federal tax which the value of the California property bears to the value of the entire estate.

Many other states have statutes providing for or permitting apportionment. Washington has such a statute.[1]

Appellants are correct in claiming there is inequality in the operation of section 13989 if apportionment is denied, but that fact cannot influence the court to disregard the clearly expressed purpose of the lawmakers to deny it. The actual amount paid as federal tax is not taken into consideration in any event. Where a deduction is allowed it

[1]Section 83.40.050, Rev. Code of Wash., 1951: "In all estates the amount of federal estate tax, as paid by the estate, shall be deducted as a claim or indebtedness against the estate: *Provided That* where there is property belonging to decedent both within and without the state the amount of federal tax deductible shall be the proportionate part thereof that the value of the property having a taxable situs within the state bears to all of the property within and without this state."

is based not on the federal valuations, but solely upon the state appraiser's valuation of the property which is subject to the state tax. There is no provision for a state appraisal of property which is not subject to the state tax. There is no requirement for a determination of the proportionate value of the California property by the state, and no method prescribed by which it could be ascertained. After the California property has been valued the federal exemptions are applied, and if a sum remains, the deductible amount of tax is ascertained by applying to the remainder the primary federal rates. If the rates were to be applied, in disregard of the exemptions, and the tax thus computed were to be deducted, the result would be an apportionment of the tax as between the property which was and that which was not subject to the state tax. ■ But it is expressly provided that the federal exemptions must be applied to the portion of the property which is subject to the state tax and the federal tax and it is the total amount of the exemptions, not merely a proportionate part, that must be applied. There is no uncertainty as to the legislative intention that there shall be no deduction whatever unless the portion of the property subject to the state tax exceeds the amount of the federal exemptions. The method followed by respondent is the one which the statute prescribes.

■ Upon the constitutional question appellants' first contention is that the state has measured the inheritance tax by the value of the real property in Illinois, which is beyond its taxing jurisdiction. This, of course, the state may not do. Appellants say that if the entire property had been situated in California the entire federal tax, computed in the manner provided, would have been deductible, which, of course, is true. And they say that since no deduction was allowed, California is taxing $21,406.14, the amount of the federal tax, and that the result is the measurement of the inheritance tax on the value of the Illinois property.

Appellants' second contention is that the law unjustly discriminates against estates owning real property in other jurisdictions by denying them the deduction that would be allowed to estates of equal value situated in California.

This state imposes an inheritance tax only upon property having situs in the state. Here the tax was upon property of the value of $55,000, which, admittedly, was taxable. The value of the Illinois real estate did not increase the tax. If there had been no property situated outside the state there

would have been no federal tax and no deduction. The California tax would have been in the same amount. What California has done is to allow no deduction for federal tax liability in excess of an amount that would have been owing if the California property had comprised the entire estate. In other words, it grants a limited deduction, which, under the conditions prevailing, is of no benefit to appellants. It has not measured its inheritance tax by the value of out-of-state property. It has not taxed the sum of $21,406.14, the amount of the federal tax, nor anything except the California property. ■ It is, of course, true that the California tax is greater because the valuation of the portion of the property taxed by the state is not subject to any deduction, but it cannot be said that the state has measured its tax by the value of out-of-state property, or has taxed the amount paid as federal tax, unless it is under a constitutional duty to deduct the amount of the federal tax, or some part of it, from the valuation of the California property. There is no such duty.

Appellants concede that the state may exact an inheritance tax which is not reduced in any manner by the amount of federal tax liability, but they say that if there is a reduction in one case there must be a comparable reduction in all cases; hence their claim of unlawful discrimination. Respondent, while conceding inequality in the operation of the law, justifies it upon the ground that it is based upon a classification of persons and estates subject to the tax which was clearly within the discretion of the Legislature.

The governing principles have been expressed by the Supreme Court of California in *Estate of Watkinson,* 191 Cal. 591 [217 P. 1073] and by the United States Supreme Court in the same case. (*Stebbins* v. *Riley,* 268 U.S. 137 [45 S.Ct. 424, 69 L.Ed. 884].) Inasmuch as the two opinions in the case are explicit and comprehensive we quote from them at some length.

The courts considered the Inheritance Tax Act of 1917 (Stats. 1917, p. 883). The act provided (subd. 10, § 2) : "In determining the market value of the property transferred, no deduction shall be made for any inheritance tax or estate paid to the government of the United States." The state court, after stating the general proposition that the rights of inheritance and of testamentary disposition are creatures of legislative will and subject to legislative control, said: "In other words, the tax is imposed and is sustainable upon the

theory that a state which confers the privilege of succeeding to property may attach thereto the condition that a portion of the property shall be contributed to that State.'' Upon this principle the court upheld the statute insofar as it denied a reduction of the value of the estate taxed in the amount of federal tax paid. The United States Supreme Court, after referring to the cases holding that the state, in granting the privilege of taking property by will or descent ''is untrammeled in its power to tax the privilege,'' spoke as follows: ''But we do not find it necessary to discuss the issue thus raised, for it has been repeatedly held by this court that the power of testamentary disposition and the privilege of inheritance are subject to state taxation and state regulation, and that regulatory taxing provisions, even though they produce inequalities in taxation do not effect an unconstitutional taking of property, unless, as was said in *Dane* v. *Jackson*, 256 U.S. 589, 599 [65 L.Ed. 1107, 1113, 41 S.Ct. 566], the taxing statute 'results in such flagrant and palpable inequality between the burden imposed and the benefit received, as to amount to the arbitrary taking of property without compensation,—''to spoliation under the guise of exerting the power of taxing.'' ' [Citations.] . . .

''Even assuming that a state does not, under the Constitution of the United States, possess unlimited power to curtail the power of disposition of property at death, or the privilege of receiving it by way of inheritance, there is nevertheless no constitutional guaranty of equality of taxation. The power of the states to discriminate in fixing the amount and incidence of taxation upon inheritance is undoubted. . . .

''The guaranty of the 14th Amendment of the equal protection of the laws is not a guaranty of equality of operation or application of state legislation upon all citizens of a state. As was said in *Magoun* v. *Illinois Trust & Sav. Bank, supra*, [170 U.S.] at page 293 [42 L.Ed. 1037, 1042, 18 S.Ct. 594];

'' 'It only prescribes that that law have the attribute of equality of operation, and equality of operation does not mean indiscriminate operation on persons merely as such, but on persons according to their relations. In some circumstances it may not tax A more than B, but if A be of a different trade or profession than B, it may. . . . In other words, the state may distinguish, select, and classify objects of legislation, and necessarily this power must have a wide range of discretion.'

''The taxing statute may, therefore, make a classification

for purposes of fixing the amount or incidence of the tax, provided only that all persons subject to such legislation within the classification are treated with equality, and provided further that the classification itself be rested upon some ground of difference having a fair and substantial relation to the object of the legislation. *Magoun* v. *Illinois Trust & Sav. Bank, supra; F. S. Royster Guano Co.* v. *Virginia,* 253 U.S. 412 [64 L.Ed. 989, 40 S.Ct. 560]. . . .

"It is not necessary that the basis of classification should be deducible from the nature of the thing classified. It is enough that the classification is reasonably founded in the 'purposes and policies of taxation.' *Watson* v. *State Comptroller,* 254 U.S. 122, 65 L.Ed. 170 [41 S.Ct. 43]. It is not open to objection unless it precludes the assumption that the classification was made in the exercise of legislative judgment and discretion. (*Campbell* v. *California, supra* [200 U.S. 87 (26 S.Ct. 182, 50 L.Ed. 382)].)"

Upon the question of discrimination appellants say that all estates, the conditions of which are the same, must be accorded the same treatment, which is true; and they say that the conditions of the Guthman estate are the same as those of an estate of the same value wholly subject to the state tax, which is not true.

▪ As we have seen section 13989 allows a deduction on account of federal tax liability in the amount of that tax computed on the value of the California property. It allows no deduction unless the California property alone is taxable. It is uniform in its operation as to all estates consisting entirely of California property. It operates uniformly also in that it does not in any case take into account federal tax liability due to the combined value of property which is and property which is not taxable by California. All estates in which this condition occurs are treated alike.

▪ Unless the state is required to accept federal appraisals of out-of-state real property or make its own appraisal of the same, for the purpose of computing its own inheritance tax, the estate which owns such property is not in the same, or substantially the same position as that of an estate which is entirely situated in California. We think there can be no question as to the state's power to grant a deduction on account of federal taxes which can be computed by the state upon property situated in California and at the same time refuse to take into account out-of-state real property. The

dissimilarities of the two situations are obvious and substantial. If we were to hold otherwise what could we say as to the basis upon which a proportionate deduction of federal tax liability should be allowed? Could we declare that the state must accept the actual amount of the federal tax paid as fixed by federal authorities, or that it must make its own appraisal of the entire estate? The courts cannot prescribe an entirely new policy in the matter.

Where the Legislature has classified the subjects of taxation the only question for the courts is whether the classification is based upon some distinction, natural, intrinsic, or constitutional, which suggests a reason for and justified the particular legislation.

''The power to thus classify necessarily carries with it a wide discretion in the exercise thereof. The authority and the duty to ascertain the facts which will justify classified legislation must of necessity rest with the legislature, in the first instance, to whom has been given the power to legislate and not to the courts and the decision of the legislature in that behalf is ordinarily conclusive upon the courts. Every presumption is in favor of the validity of the legislative act and the legislative classification will not therefore be disturbed unless it is palpably arbitrary in its nature and neither founded upon nor supported by reason.'' (*Martin* v. *Superior Court,* 194 Cal. 93, 101 [227 P. 762] ; see also *Stebbins* v. *Riley,* 268 U.S. 137 [45 S.Ct. 424, 69 L.Ed. 884], *supra;* 11 Cal.Jur.2d 717, § 272 et seq., 16 C.J.S. p. 1042.)

The constitutional provisions relied upon by appellants do not require that statutes operate uniformly with respect to persons or things which are in fact different. (*County of Los Angeles* v. *Southern Cal. Tel. Co.,* 32 Cal.2d 378 [196 P.2d 773].) We conclude that section 13989, Revenue and Taxation Code, is a valid enactment and was properly applied in the present case.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied June 14, 1954, and appellants' petition for a hearing by the Supreme Court was denied July 14, 1954. Schauer, J., was of the opinion that the petition should be granted.