ESTATE OF John C. KUNKEL, Deceased; W. Minster Kunkel; Hasbrouck S. Wright; Kenneth R. Stark, Jr., Executors, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 78–1278.

United States District Court, M. D. Pennsylvania.

July 23, 1981.

Edward L. Baxter, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for plaintiffs.

J. Andrew Smyser, Asst. U. S. Atty., Harrisburg, Pa., for defendant.

## MEMORANDUM

RAMBO, District Judge.

The history of the case *sub judice* is as follows:

On July 27, 1971, John C. Kunkel (hereinafter Decedent), testator of the estate of which plaintiffs are trustees, died. Decedent bequeathed fifty percent of his adjusted gross estate to a marital trust, which provided for the income to be paid to his wife and invasion of the corpus on her behalf if necessary, and created two powers of appointment over the corpus of the trust in his wife. The first power of appointment was unrestricted as to beneficiary but was limited to $150,000; the second was unrestricted in amount but restricted the beneficiary to his wife's estate. Decedent's will further provided that in the event his wife did not exercise the powers of appointment, the income interest of the marital trust was to pass in equal shares to his wife's three children (decedent's stepchildren). Upon the death of a stepchild, the income interest was to pass to their issue per stirpes, and eventually the principal of the marital trust was to be distributed to the issue of the stepchildren per capita.

The residue of the estate was bequeathed to the John C. Kunkel Foundation, a charitable organization as described in § 501(c)(3) of the Code, which is exempt from tax under § 501(a) of the Code. Decedent provided in his will that all estate, inheritance and other taxes were to be paid out of the residue.

The rate of assessment of inheritance taxes in Pennsylvania is determined by the relationship between the heir and the decedent; grandparents; parents, husbands, wives and lineal decedents (as defined in 72 P.S. § 2485–102(13)) are classified as class A beneficiaries (72 P.S. § 2485–403(1)), while all other persons are classified as class B beneficiaries (72 P.S. § 2485–404). Transfers of property to a class A beneficiary are taxed at 6%, while transfers to class B beneficiaries are taxed at 15%. In addition, the liability for the Pennsylvania Inheritance Tax attaches when the interest passes into possession of the ultimate beneficiary (in the case of future interests, when they become vested), although the executors may elect to pre-pay the inheritance tax. (72 P.S. §§ 2485–712 and 714).

The executors calculated and paid the inheritance tax due on the life estate and remainder interest of the marital trust, using a rate of 6%. Decedent's federal estate tax was then calculated, which included the computation of the allowable charitable deduction, determined in part by deducting the inheritance tax (based upon the 6% rate) from the residuary estate. Upon audit of decedent's federal estate tax return, the Commissioner of the Internal Revenue Service (hereinafter Commissioner) determined that there was a deficiency in the federal estate tax paid because the charitable deduction was overstated, due to, in the eyes of the Commissioner, underestimating the state inheritance tax due.

Plaintiffs paid the additional taxes as determined by the Commissioner, then filed a claim for refund with the Internal Revenue Service. When the Commissioner denied plaintiffs' claim for refund in the amount of

$118,084.00, plaintiffs instituted the present action.[1]

Plaintiffs and defendant filed their respective motions for summary judgment on May 30, 1980, accompanied by a memorandum in support thereof. Plaintiffs filed a reply memorandum on June 11, 1980. On December 19, 1980, the court ordered that pursuant to 28 U.S.C. § 2403(b), the Commonwealth of Pennsylvania should have an opportunity to defend against the allegations that one of its statutes was unconstitutional. Through error, the Attorney General of Pennsylvania was not served with a copy of the December 19, 1980 order and on April 14, 1981 the court ordered service be made on the Attorney General of Pennsylvania, giving the Commonwealth until May 29, 1981 to respond to plaintiffs' motion for summary judgment. No response has been received to date. While the court does not consider this lack of response on the part of the Commonwealth to be determinative of the issue of constitutionality, under Local Rule 401.6 the Commonwealth is deemed not to oppose plaintiffs' motion for summary judgment.

In essence, plaintiffs make three arguments. First, that the federal estate tax charitable deduction is to be reduced only by the death taxes actually paid, not a hypothetical figure. Second, that even if Mrs. Kunkel fails to exercise the power of appointment and the assets of the marital trust pass to her children and eventually her grandchildren, no additional inheritance tax would be due because the applicable Pennsylvania statute (72 P.S. § 2485–102(13)) is unconstitutional. Third, that the exercise of a power of appointment in favor of the donee's estate is an exercise in favor of the donee of the power, not the beneficiaries of the donee's estate. Plaintiffs argue, arguendo, that even if the exercise of the power of appointment is considered to be in favor of the beneficiaries of the donee's estate, the reasonable probability is that no additional inheritance tax will be

due. Because plaintiffs' second argument attacks the constitutionality of a Pennsylvania statute and because cases are to be resolved, where possible, without addressing constitutional issues, it will be discussed last.

■ The court agrees with the general statement of law contained in plaintiffs' first argument but finds it inapposite in the instant case. Here, the amount of the death taxes payable, upon which the amount of charitable deduction is partially dependent, is contingent upon some future event. In such cases, the Commissioner is compelled to assess the probability of that future event occurring. Unless the contingency or possibility that a charitable transfer will not become effective is so remote as to be negligible, no deduction is allowable. 26 C.F.R. § 20.2055–2(b)(1) (1980). In light of the examples included in § 20.2055–2(b)(2), as well as the cases cited by defendant, this court cannot characterize the possibility of Mrs. Kunkel choosing not to exercise the power of appointment as "so remote as to be negligible." Therefore, plaintiffs' motion for summary judgment on that basis will be denied.

Plaintiffs also contend that Mrs. Kunkel's exercise of the power of appointment in favor of her estate should be construed as an exercise in favor of herself, and assert that even assuming, arguendo, that it is not, the likelihood of incurring additional Pennsylvania inheritance tax is negligible. In addition, plaintiffs correctly observe in their reply brief that defendant concedes that if Mrs. Kunkel exercises the power of appointment in favor of her estate no additional inheritance taxes would be due. (See defendant's Brief, p. 7). It appearing that the question of whether additional Pennsylvania inheritance taxes would be due if Mrs. Kunkel exercises her power of appointment in the marital trust property in favor of her estate is not at issue, the court

1. Plaintiffs claim the amount due them, if they are successful, is $118,084. Defendant does not deny that that may be the correct figure but does not concur at this point. Defendant asserts that it is of the opinion once the legal issues are resolved, the appropriate amount due if any, can be agreed upon by the parties.

presumes, without deciding, that that proposition is correct.[2]

The court, having found that the possibility of collateral (class B) heirs receiving the principal of the marital trust, and the resultant increased inheritance taxes, is not so remote as to be negligible, must now address plaintiffs' argument that 72 P.S. § 2485–102(13) is unconstitutional. As pointed out previously, the court afforded the Commonwealth of Pennsylvania ample opportunity to address the charges made by plaintiffs, but the Commonwealth has chosen to remain silent. The essence of plaintiff's allegation is that there is no rational basis to discriminate between stepchildren and the descendants of stepchildren. Plaintiffs observe that, pursuant to § 2485–102(13), "all children of the natural parents and their descendants, adopted descendants and their descendants, stepchildren, and children and their descendants of the natural parent who are adopted by his spouse", are considered as "lineal descendants" and therefore any transfers to them would be taxed at 6% (72 P.S. § 2485–403). However, § 2485–102(13) specifically precludes descendants of stepchildren and adopted children and their descendants, in the natural family, except as set forth above. The effect is to classify adopted children and their descendants and stepchildren as lineal descendants, but to classify descendants of stepchildren as collateral heirs, causing transfers to the former to be taxed at 6% while transfers to the latter are taxed at 15%.

Plaintiffs contend that such discrimination between stepchildren and descendants of stepchildren violates the equal protection clause of the Fourteenth Amendment in that such discrimination is arbitrary and not rationally related to a legitimate government interest. Defendant contends such statutes have been scrutinized and upheld by the Supreme Court.

It is no new statement of the law to say that under traditional equal protection analysis, one where no fundamental right or suspect group is involved, a legislative classification must be sustained if the classification is rationally related to a legitimate government concern. *Washington v. Confederated Bank and Tribes of Yakima Indian Nation*, 439 U.S. 463, 99 S.Ct. 740, 58 L.Ed.2d 740 *reh. denied*, 440 U.S. 940, 99 S.Ct. 1290, 59 L.Ed.2d 500 (1979); *Medora v. Colautti*, 602 F.2d 1149 (3d Cir. 1979); *Benner v. Oswald*, 592 F.2d 174 (3d Cir.), *cert. denied* 444 U.S. 832, 100 S.Ct. 62, 62 L.Ed.2d 41 (1979). In *Campbell v. California*, 200 U.S. 87, 26 S.Ct. 182, 50 L.Ed. 382 (1906) the court, in addressing a State's power in regulating the right to inherit, held

the Fourteenth Amendment does not deprive a State of the power to regulate and burden the right to inherit, but at the most can only be held to restrain such an exercise of power as would exclude the conception of judgment and discretion, and which would be so obviously arbitrary and unreasonable as to be beyond the pale of governmental authority. *Id.* at 95, 26 S.Ct. at 185.

The Court did, however, place a caveat in the opinion, stating

in the exercise by a State of its undoubted power to regulate the burdens which might be imposed on the passage of property by death, a case might be conceived of where a burden would be so arbitrary as to amount to a denial of the equal protection of the laws. *Id.* at 94, 26 S.Ct. at 185.

Plaintiffs argue that the case *sub judice* embodies a burden so arbitrary that it amounts to a denial of equal protection. Plaintiffs succinctly summarize their position as follows:

The court takes note that neither plaintiffs nor defendant have raised the issue of additional tax should Mrs. Kunkel elect to give *any* person (individual or corporate) $150,000.00 under the power of appointment. Therefore, the court also presumes this alternative is not at issue in the present case.

**2.** While the court is of the opinion that this proposition is not well settled in Pennsylvania law (see *Estate of Kleinhaus*, 454 Pa. 539, 312 A.2d 366 (1973)), the position is supported by case law (*McCord's Estate*, 276 Pa. 459, 120 A. 413 (1923) and unopposed by defendant.

It is impossible to conceive of a rational basis for a distinction between adopted grandchildren and step-grandchildren whereby the latter should be disadvantaged. Had stepchildren and step-grandchildren been disadvantaged as against adopted children and grandchildren, one might say that the policy advanced by the statute was the encouragement of adoption and thus the stability of families. However, such a policy would not be advanced by a statute which distinguishes, as this one does, between stepchildren and step-grandchildren. (Plaintiffs' Brief at 15).

Defendant has proffered no legitimate state interest to be served by this section of the statute, nor has it established that a rational relationship exists between the statute and a legitimate state interest. The court views the statute in question as an attempt to create additional tax revenues in an arbitrary and capricious manner and finds neither a rational relationship nor a legitimate state interest being served. As such, the statute is unconstitutional on its face. Accordingly, the court will grant plaintiffs' motion for summary judgment.

One final matter requires mention. As pointed out earlier, defendant did not concur that the amount due and owing should the court rule in plaintiffs' favor was $118,084.00, but did indicate the parties could arrive at a figure once a ruling was made by the court. Therefore, the court will grant 20 days to show cause why the court should not enter judgment in favor of plaintiff in the amount of $118,084. Failure to respond within the time given will result in the court entering judgment in that amount.