23331

Nora O. MITCHELL, Appellant v. Roberta V. OWENS, Respondent.

(402 S.E. (2d) 888)

Supreme Court

*J.C. Nicholson, Jr.,* of *Epps, Krause & Nicholson,* Anderson, *for appellant.*

*Tom W. Dunaway, III,* of *Dunaway, Mullinax & Standeffer,* Anderson, *for respondent.*

Heard Sept. 25, 1990.

Decided Feb. 4, 1991.

CHANDLER, Justice:

Nora Mitchell (Mitchell) appeals an order abating her share of the devise under the Will of her brother, David Earl Owens (Testator).

We affirm.

## FACTS

On June 23, 1970, Testator executed a Will leaving his entire estate to Mitchell, his sister. Seven years later, on November 30, 1977, he married Respondent, Roberta Owens (Owens). Testator died on March 12, 1988, never having altered his Will.

When the 1970 Will was admitted to probate, Owens filed a claim seeking an "omitted spouses share" under S.C. Code. Ann. § 62-2-301 (1987).[1] The Probate Court found that the Testator did not intentionally omit his wife from the Will. It, therefore, abated the Will to provide Owens the share of the estate she would have received if Testator had left no Will. Under the intestacy statute, S.C. Code Ann. § 62-2-102 (1987), Owens was entitled to the entire estate since Testator left no surviving issue.

Circuit Court affirmed.

## ISSUE

The sole issue is whether § 62-2-301 violates equal protection.

## DISCUSSION

Mitchell contends that § 62-2-301 denies equal protection as it protects omitted spouses, "while stripping away the rights of the class of persons who are devisees under a valid will." We disagree.

A statute enacted pursuant to legislative power is presumptively constitutional. *Nichols v. South Carolina Research Authority*, 290 S.C. 415, 351 S.E. (2d) 155 (1986). In reviewing a statute challenged on equal protection grounds, great deference is given to the classification created, and it will be sustained if supported by any reasonable hy-

---

[1] Section 62-2-301 provides, in pertinent part: (a) If a testator fails to provide a will for his surviving spouse who married the testator after the execution of the will, *the omitted spouse shall receive the same share of the estate he would have received if the decedent left no will* unless:

 (1) it appears from the will that the omission was intentional; or
 (2) the testator provided for the spouse by transfer outside the will and the intent that the transfer be in lieu of a testamentary provision is shown by statements of the testator or from the amount of the transfer or other evidence. (Emphasis supplied.)

pothesis and not plainly arbitrary. *Samson v. Greenville Hospital System*, 295 S.C. 359, 368 S.E. (2d) 665 (1988).

Applying the rationale of the U.S. Supreme Court in *Campbell v. California*, 200 U.S. 87, 26 S. Ct. 182, 50 L. Ed. 382 (1906), we find no equal protection violation. In *Campbell*, while the litigation involved an inheritance tax statute, the reasoning applies with equal force here. The statute in *Campbell* imposed taxes on brothers and sisters, while exempting wives and lineal descendants. In validating the statute, the Court stated:

> It assuredly would not be an arbitrary exercise of power for a state to put in one class, for the purpose of inheritance or the burdening of the privilege to inherit, all blood relatives to a designated degree, excluding brothers and sisters, and to place all other and more remote blood relatives, including brothers and sisters, in a second class, along with strangers to the blood. This being true it cannot . . . be held that a classification which takes near relatives by marriage and places them in a class with lineal relatives is so arbitrary as to transcend the limits of governmental power. If this were not true, state legislation preferring a wife in the distribution of the estate of her husband to a brother or sister of the husband would be void as repugnant to the 14th Amendment.

200 U.S. at 95, 26 S. Ct. at 185, 50 L. Ed. at 388.

Clearly, the classification here is within the legislative power. The judgment below is affirmed.

Affirmed.

GREGORY, C.J., and HARWELL, FINNEY and TOAL, JJ., concur.