BALLARD-HASSETT COMPANY, Appellant, v. LOCAL BOARD OF REVIEW et al., Appellees.

No. 41826.

JANUARY 17, 1933.

William L. Hassett, for appellant.

Fred T. Van Liew and Chas. P. Howard, for appellee Local Board of Review.

ALBERT, J.—Plaintiff is a Delaware corporation doing business through an office in the city of Des Moines, engaged in buying and selling municipal and other securities. It furnished the assessor a schedule under date of December 31, 1929, showing securities in the amount of $195,126.66. The plaintiff concedes that its investment is moneyed capital within the meaning of Section 5219 of the Revised Statutes of the United States, and is capital which comes in competition with national banks. The 'assessment' was made under Section 7005 of the Code of 1927.

Plaintiff's argument is directed solely to the constitutionality of this statute. It claims that the same is void because of the failure to comply with Article VII, Section 7, of the Constitution of the state of Iowa, reading as follows:

"Every law which imposes, continues, or revives a tax, shall distinctly state the tax, and the object to which it is to be applied; and it shall not be sufficient to refer to any other law to fix such tax or object."

Section 7005 of the Code of 1927 reads as follows:

"All moneyed capital within the meaning of section 5219 of the revised statutes of the United States shall be listed and assessed against the owner thereof at his place of business, and if a corporation at its principal place of business, at the same rate as state, savings, national bank and loan and trust company stock is taxed, in the same taxing district, and at the actual value of the moneyed capital so invested."

The plaintiff's contention, simply stated, is that Section 7005 imposes a tax, but fails to comply with the provisions of the said Article VII, Section 7, of the Constitution, while the defendant insists that no tax whatever is imposed by said section; that said section is simply a defining of a certain class of property and in no way imposes a tax. The contention between the parties, therefore, narrows itself down to the single proposition of whether Section 7005 fails to comply with the said Article VII, Section 7, of the Constitution.

The plaintiff claims that Section 7005 imposes a tax and refers to another law to fix such tax or object. With this contention we are disposed to disagree. Prior to Chapter 63 of the 34th G. A., shares of stock of state, savings, national banks and loan and trust companies were treated and assessed as personal property, under Sections 1310 and 1322 of the Code of 1897 and subsequent amendments thereto. By the last-named act of the 34th G. A., which was an amendment to the aforesaid Section 1310, moneyed capital in the hands of private individuals which came in competition with national banks was specially classified as such in the following terms:

"All moneyed capital within the meaning of section 5219 of the revised statutes of the United States shall be listed and assessed against the owner thereof at his place of business, and if a corporation, at its principal place of business, at the same rate as state, savings, national bank and loan and trust company stock is taxed, in the same taxing district, and at the actual value of the moneyed capital so invested."

It will be observed that this section now appears in the Code of 1927 as Section 7005.

It is quite apparent, therefore, that this section was never intended to impose a tax or to continue one, but, as shown, the same came in by way of amendment, and simply intended to make moneyed capital, as defined, a separate class. In other words, this statute in the light of its history is purely and simply a classification statute; whereas, prior to its enactment, the shares of capital stocks were included in the personal property of the owner, as was permitted in Section 5219 of the United States statutes. The statute, in re-classification of property of the state, sought to classify moneyed capital as involved herein in a separate classification from other personal property. The right of the legislature to make reasonable classifications of property is too well recognized to call for citations and authorities, but in In the Matter of Keeney's Estate, 194 N. Y. 281, which was affirmed in 222 U. S. 525, the New York court said:

"The right and power of governments to single out certain classes of objects for taxation, leaving other classes exempt or taxed at a different rate, or in a different manner, is unquestionable. * * * Such power has been exercised by all governments from the earliest times."

In Watson v. State Comptroller, 254 U. S., 122, 65 L. Ed. 170, it is said:

"Any classification is permissible which has a reasonable relation to some permitted end of governmental action. * * * It is enough, for instance, if the classification is reasonably founded in 'the purposes and policy of taxation.' "

So much for the general claim made by appellant.

The technical question, however, on which it bases its appeal, briefly stated, is that the statute is unconstitutional because of its reference to Section 5219 of the United States statutes, which it says makes Section 7005 void because of the last provision of Section 7, Article 7, of the Constitution of the state of Iowa, which reads, "and it shall not be sufficient to refer to any other law to fix said tax or object."

It is quite apparent that the only purpose in this reference to Section 5219 of the United States statutes is for a definition of "moneyed capital." It does not make such reference for the purpose of "fixing such tax," and so long as this is not the purpose of the reference, the plaintiff has no complaint. The right to thus cross-reference to statutes of other states or to Federal statutes seems to be quite uniformly recognized. See Brown v. State, 19 S. W. (Mo.) (2d Ser.) 12; Ex parte Burke, 212 Pac. (Cal.) 193; Santee Mills v. Query, 115 S. E. (S. C.) 202; People v. Frankovich, 221 Pac. (Cal.) 671; Texas Co. v. Dickinson, 75 Atl. (N. J.) 803; Scottish Union & National Ins. Co. v. Phoenix Title Co., 235 Pac. (Arizona) 137; 59 C. J. 618.

It is apparent, therefore, that there is nothing in this contention of the appellant's.

In addition to this, it may be said that Section 7005, against which the complaint herein is lodged, was a part of Chapter 63 of the Acts of the 34th G. A., which act consisted of five substantial sections amendatory to Section 1310, Code 1897. A reading of the said section, as thus amended, shows that the reference to section 5219 of the Revised Statutes was wholly for the purpose of acquiring a definition of the term "moneyed capital," and in no other respect does the aforesaid chapter conflict with the requirements of Section 7, Article 7, of the Constitution of the state of Iowa.

We conclude, therefore, that the plaintiff has asserted no foun-

dation on which the decision of the district court should be reversed. —Affirmed.

All the Justices concur.