**PERRY v. LARSON, Collector of Internal Revenue.**

No. 9025.

Circuit Court of Appeals, Fifth Circuit.

June 23, 1939.

Lacy Mahon and Moe B. Safer, both of Jacksonville, Fla., for appellant.

Herbert S. Phillips, U. S. Atty., of Tampa, Fla., and Harry G. Taylor, Sol. Asst. to the U. S. Atty., of Miami, Fla., for appellee.

George Couper Gibbs and Marvin C. McIntosh, both of Tallahassee, Fla., amicus curiae.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

The Florida Legislature by Chapter 12286 of the Acts of 1927 provided for the practice of naturopathy as a branch of therapeutics and for the licensing of practitioners. The Act says naturopathy is "the use and practice of Psychological, Mechanical and Material health sciences to aid in purifying, cleansing and normalizing human tissues for the preservation or restoration of health, according to the fundamental principles of anatomy, physiology and applied psychology, as may be required. Naturopathic practice employs, among other agencies, Phytotherapy, Dietetics, Psycho-therapy, Suggesto-therapy, Hydro-therapy, Zone-therapy, Bio-chemistry, External Applications, Electro-therapy, Mechanotherapy, mechanical and electrical appliances, hygiene, first aid, sanitation and Heliotherapy. Provided, however, that nothing in this Act shall be held or construed to authorize any Naturopathic Physician licensed hereunder to practice Materia Medica or Surgery or Chiropractic * * *." Section 1. In 1933, the Legislature enacted a Narcotic Drug Act, Chapter 16087, which controls the dispensers of such drugs, but excepts "a registered physician, dentist or veterinarian in the course of his professional practice." Sects. 2, 3. " 'Physician' means a person authorized by law to practice medicine in this State and any other person authorized by law to treat sick and injured human beings in this State and to use, mix or otherwise prepare narcotic drugs in connection with such treatment." Sect. 1. The question to be answered is whether W. T. Perry, holding a license as a naturopathist, is a "physician" within the meaning of the Florida Narcotic Act authorized to administer narcotic drugs, so as to be entitled to register, pay a tax, and dispense such drugs under the federal Narcotic Act, 26 U.S.C.A. § 1383 et seq. Perry has in fact registered and holds a stamp showing payment of his federal tax, but the Attorney General of Florida has given an opinion that a naturopath under the Florida law cannot dispense narcotic drugs, and the Collector was demanding surrender of the stamp and the federal order forms, when Perry, alleging his right to register and dispense the narcotics, and irreparable damage if denied the right, sought but was refused an injunction against the Collector. By stipulation the want of remedy at law and irreparable damage were conceded, and

the appeal is narrowed to the question of Perry's right to dispense.

 The right to register and pay tax under the federal statute depends on the right to dispense under the State laws. Bruer v. Woodworth, D.C., 22 F.2d 577. The courts of Florida have not determined the naturopath's right. The opinion of the Attorney General, while not binding on the courts, is entitled to weight in construing the Florida statutes. We think he is right in concluding that a naturopath is not authorized to dispense morphine and other narcotic drugs affected by the State and federal narcotic drug laws. The statute of 1927 which added this new kind of practitioner allows to him the use of what may be generally referred to as natural remedies, as opposed to drug treatment, surgery, or chiropractic, the practitioners in which had previously been regulated by statute. The proviso that was added limits the numerous medical terms which preceded it and says plainly that the naturopath is not to be held authorized to "practice Materia Medica," which means the same thing as "to practice medicine" in the definition of a physician in the Drug Act. The reference is to the use of the drugs as medicine which are familiar to the apothecary and doctors as materia medica, and these most certainly embrace morphine and kindred narcotics which are powerful and dangerous drugs, capable of producing addiction of a most serious sort, and even death.

 But it is argued that the statute expressly allows phytotherapy, which means the use of plants to heal, and that these narcotics are derived from poppy plants and cola leaves. But so are aconite and belladonna, also powerful drugs, derived from plants. Although such drugs are of plant origin, their prescription is not the phytotherapy meant, but is the use of materia medica reserved to the practitioner of medicine and denied to the naturopathic practitioner. The medical terms used in the statute in describing naturopathy are strange to common speech, and the proviso which follows and limits them must be given controlling effect. "The office of a proviso, generally, is either to except something from the enacting clause, or to qualify or restrain its generality, or to exclude some possible ground of misinterpretation of it, as extending to cases not intended by the legislature to be brought within its purview." Minis v. United States, 15 Pet. 423, 445, 10 L.Ed. 791; Cox v. Hart, 260 U.S. 427, 428, 43 S.Ct. 154, 67 L.Ed. 332. The holder of a license to practice naturopathy is not authorized in Florida to dispense narcotic drugs.

Judgment affirmed.