MATHEWS, Justice
(dissenting).
Rehearing was granted in this case. The grounds for rehearing may be briefly stated as follows:
1. The Court has decided rights of persons who are not parties to this suit.
2. In discussing the word “physician” and determining who is a “physician,” the Court discussed and determined the right to prescribe narcotics and this issue was not before the Court.
3. That in the opinion this Court erroneously stated: “It does not appear from the records on file in this Court in the case of In re Complaint of Melser, supra, that Sections 398.04 or 398.08, Florida Statutes, F.S.A., were called to the attention of the Circuit Court or this Court, or were considered in the opinion in that case.”
The fourth ground of the petition contained new matter and complains that this Court failed to consider that after the opinion in the ex parte case of In re Complaint of Melser, 160 Fla. 333, 32 So.2d 742, there, were introduced in the Legislature certain bills having for their intent and purpose the depriving of naturopathic physicians of the right and privilege of prescribing and administering narcotics, which bills never became law. It is the contention of the appellee that the failure of the Legislature to enact these particular laws was an approval by the Legislature of the opinion in the ex parte case of In re Complaint of Melser, supra.
As to the first question raised by the petition for rehearing, the record , shows *354 that the appellee himself filed his suit as a class- suit and he alleges in the bill that it was brought “for the purpose of having the Court determine the rights, privileges and immunities of petitioner and others similarly situated * * (Emphasis supplied.) The law provides for class suits which the appellee claims this suit to be. After petition for rehearing was granted the case was orally argued and only the appellee was represented. , No other person “similarly situated” appeared to complain.
As to the second ground, it appears from the record that this Court did not inject a foreign issue and one not raised by the pleadings or presented to this Court for determination, but that the questions decided were raised specifically by the plaintiff in the Court below and in his briefs filed in this Court. In paragraph 5 of his bill of complaint he alleged that the welfare acts specifically provided for the payment of prescriptions for medicines written by a “physician” or “doctor” and he then alleged that he is a “physician.” In paragraph 6, it is alleged that the 'Welfare Board was not recognizing prescriptions or certificates given by naturopathic physicians or doctors on the ground that such can be rendered and given only by medical doctors or doctors of osteopathy and thereby denying to him his rights as a “physician."
In his prayer for relief, petitioner asked the Court to declare, determine and decree that he, as a naturopathic physician, and all others similarly situated, have the right to do and perform any and all of the things authorized and permitted to be done by physicians or doctors.
In the opinion filed by the Circuit Judge, in the Court below, he stated:
“ * * * By action of the Legislature the plaintiff in this case is a ‘physician’ and entitled to act as such in prescribing medicines, which prescriptions shall be honored by the defendant or other similar welfare agencies. * * * ” (Emphasis supplied.)
The final decree, based upon the above mentioned opinion and from which we have quoted, among other things, contained the following:
“ * * * The said defendant, State Department of Public Welfare, a corporation, is hereby specifically enjoined and restrained from continuing his arbitrary discrimination against Natur-opathic physicians, and is hereby required to recognize and pay to recipients of public assistance, moneys for prescriptive medicines when written by Naturopathic physicians in the same manner and to the same extent as it recognizes, honors, and pays for same when written by medical doctors or Osteopaths.” (Emphasis supplied.)
In his brief the appellee stated:
“ * * * By action of the Legislature the plaintiff in this case is a ‘physician’ and entitled to act as such in prescribing medicines, which prescriptions shall be honored by the defendant or other similar welfare agencies. * * *” (Emphasis supplied.)
It therefore, appears that the plaintiff himself and the Chancellor below placed great significance upon the word “physician” and the Chancellor bottomed his opinion and final decree upon the definition of the word “physician” as contained in the statutes. It was impossible to determine the rights of the appellee without determining whether or not he was a “physician.” This was recognized and emphasized in the entire record from the bill of complaint, the opinion and final decree of the Chancellor in the Court below, and the briefs and oral argument of counsel in this Court. In order to determine whether or not the ap-pellee was a “physician” it was necessary to determine whether or not he was authorized and licensed to “use, mix or otherwise prepare narcotic drugs.”
As to the third ground with reference to the statement in the opinion: “It does not appear from the records on file in this Court in the case of In re Complaint of Melser, supra, that Sections 398.04 or 398.08, Florida Statutes, P.S.A., were called to the attention of the Circuit Court *355 or this Court, or were considered in the opinion in that case”, such statement in the opinion was not only literally true as to the proceedings in the Circuit Court hut was also true with reference to the record filed in this Court. It is true, as stated in the petition for rehearing, that the decree of the lower Court mentioned Chapter 398, Florida Statutes, F.S.A., but in no place did it mention Sections 398.04 and 398.08, Florida Statutes, F.S.A., and there is nothing in the opinion of the Circuit Court to indicate that these sections were called to the attention of the Circuit Court of this Court. The opinion of the Circuit Court in the case of Complaint of Melser, supra, did quote from Chapter 398, Florida Statutes, F.S.A. and discussed and construed portions of the same but nowhere did the Circuit Judge constfue- Sections 398.04 and 398.08 Florida Statutes, F.S.A. or quote from them or discuss them. It is, therefore, literally true that these sections were not called to the attention of the Circuit Court or this Court and were not considered or construed in the opinion in that case. That case may be compared to an assault upon a Statute to the effect that it violates the Constitution of the State, and only one section of the Constitution is called to the Court’s attention, and considered and passed upon by the Court. No one would contend that the Court had passed upon every other section of the Constitution.
With reference to the claim of the ap-pellee that the failure of the Legislature to enact any law after the opinion in the ex parte case of In re Complaint of Melser, supra, was the equivalent of an approval by the Legislature of the opinion in that case, he summarizes the action taken on certain bills in an attempt to show such legislative approval. He alleges that in 1947 Senate Bill 769 was reported favorably by the Senate Committee on Public Health and died on the Senate Calendar; that in 1949 House Bill 508 was killed by the Senate Committee on Public Health; and that in 1951 Senate Bill 798 died on the Calendar.
The. appellee strongly urges that the failure of the Legislature to vote upon and pass the bills in question amounted to a legislative intent to confirm and establish the opinion in the ex parte case of In re Complaint of Melser, supra, as the law of this state.
If failure to act by the Legislature subsequent to the opinion in the case of In re Complaint of Melser, supra, has any effect then it would be to adopt the opinion of the United States Court of Appeals, Fifth Circuit, in the case of Perry v. Larson, 104 F.2d 728, where that Court held that a naturopath was not a “physician” under the provisions of the Florida Uniform Narcotic Drug Law which related it to one authorized to “practice medicine.” With the holding of the United States Court of Appeals in Perry v. Larson, supra, in existence the Florida Legislature reenacted Section 462.01, Florida Statutes, F.S.A. by the provisions of Section 1 of Chapter 21707, Acts of 1943 (making only the changes in the proviso of adding “licensed hereunder” after “any naturopathic physician” and changing “effect” to “affect”).
. In other words, the Legislature reenacted the provision of the law upon which the Federal Court decision was based without making any change in the law so reenacted. By the reenactment of this law a bill actually went to a committee, was reported by the committee, was placed upon the proper Calendars of each House and was voted upon by each House. It is proper to ascertain the legislative intent from positive action by the Legislature. When both Houses have an opportunity to vote and do vote upon a bill, the legislative intent may be determined. The legislative intent cannot be determined because a committee killed a bill or because a bill was placed on the Calendar but never voted upon.
In Section 620 of 59 C.J., p. 1050, in the article on Statutes, the author stated:
“The effect of a statute cannot be narrowed by reference to a bill which was never voted on, but was merely *356 proposed in committee.” See also 82 C.J.S., Statutes, § 366.
In the case of United States v. Allen, 179 F. 13, 18, the Circuit Court of Appeals, Eighth Circuit, said:
“ * * * The trial court held that because a statute conferring the jurisdiction here in question by more direct language was not enacted, though brought to the attention of the committee having the present act in charge, that this amounted to an expression of the legislative intent that the right itself either did not exist or was so doubtful that the only proper procedure was to make provision for a judicial determination of its existence. Courts can find the intent of the Legislature only in the acts which are in fact passed, and not in those which are never voted upon in Congress, but which are simply proposed in committee. , It is not contended, that the bill referred to was ever brought to a vote in Congress and rejected. It was simply one of the measures which was under consideration at the time the act of May 27, 1908, was, passed. To hold that such facts can be looked to for the purpos'e of narrowing the effect of. a statute actually passed, would be to invent a new and dangerous canon of statutory interpretation.”
In Section 326 of SO Am.Jur., p. 318, in the article on Statutes, the author stated:
“It is a general rule that the intent of the legislature is indicated by its action, and not by its failure to act * * *»
It is clear that the failure of the Legislature to vote upon any of the bills mentioned in the petition for rehearing cannot be considered in determining the legislative intent. If any legislative intent is to be gathered from any action by the Legislature, it is from that positive action reenacting the statute above mentioned, which was construed by the United States Circuit Court of Appeals, Fifth Circuit, in Perry v. Larson, supra.
There is no way to ascertain the intention of the Legislature with reference to a bill unless the bill is voted upon. In 33 C.J. 168, the word “intent” is defined as “a determination to do a certain thing * * * a mental attitude made known by acts.” See also, 46 C.J.S., Intent, p. 1103. In the same volume, page 169, the word “intention” is defined, “In legal contemplation, it means the purpose or design with which a willful act is done, characterizing the act. * * * Knowledge is necessary to intention. Intention is a fact.” See, also, 46 C.J.S., Intention, p. 1105.
With all of the known legislative tricks it is impossible to determine the intention of the Legislature by the killing of a bill in committee, by having it placed on the Calendar where it may die for insufficient time to reach it, or where it may meet its death without being voted upon by each'branch of the Legislature.
The former opinion should be adhered to.
SEBRING, J., concurs.
ROBERTS, C. J., agrees to conclusion.