## KWITNEY v. PRUDENTIAL INSURANCE CO. OF AMERICA.
### No. 1963.

Circuit Court, Dade County, Civil Appeal.
May 15, 1961.

John W. Thornton of Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, for appellant.

Paul Kwitney and Jack Ankus, both of Miami Beach, for appellee.

J. FRITZ GORDON, Circuit Judge.

This is an appeal from a final judgment for the plaintiff below entered by Hon. Sidney L. Segall, small claims court in and for Dade County.

Appellant, Prudential Insurance Co. of America, issued a group major medical insurance policy. Appellee was a certificate holder thereunder. The policy was entered into and delivered in the state of Florida and provides that it is "governed by the laws thereof."

Excerpts from the policy and certificate issued thereunder are —

Definitions

As used in this certificate, the following terms shall have the meaning set forth below:

The term "physician" means a physician and surgeon licensed to practice medicine and perform surgery.

\*       \*       \*

Eligible charges will be the charges actually made to the employee and qualified dependents on account of their illnesses for the following services, treatments and supplies ordered by a physician, . . .

The appellee, plaintiff in the court below, brought suit to recover as an eligible charge under the policy a bill for "Therapy: Chiropractic" by a chiropractor duly licensed to practice chiropractic and who was so practicing in rendering the services to the plaintiff for which the charge herein sued upon was incurred.

The stipulated issue on appeal is whether a chiropractor as above described is a "physician" within the definition, terms and meaning of the contract of insurance in light of the laws of Florida.

Due to the plain meaning of the term "physician" as defined in the contract of insurance and certificate, Voelker v. Combined Ins. Co. (Fla. 1954), 73 So. 2d 403, 408, and when read in the light of Florida law, §§458.13, 459.07, 460.11(2)(b), 460.24, Florida Statutes, the Biennial Report of the Attorney General of Florida, June 11, 1952, no. 52-183, and in the light of the recognition by the legislature of this state of each of the healing arts as a separate profession, Florida Statutes Annotated, title XXX, Regulations of Professions and Vocations, and Weber v. Florida State Board of Optometry (Fla. 1954), 73 So. 2d 408, 410, a chiropractor licensed to practice chiropractic in the state of Florida is not, under such license, a "physician" within the meaning of the above-described group major medical expense policy of insurance.

Reversed and remanded for further proceedings not inconsistent with this opinion.